1  ROBERT E. SCHROTH, SR, ESQ. (SBN 103063)
   ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2  **SCHROTH & SCHROTH**
3  2044 First Avenue, Suite 200
   San Diego, CA 92101-2079
4  Telephone: (619) 233-7521
   Facsimile:  (619) 233-4516
5

6  Attorneys for Plaintiffs, Michael P. Koby,
   Michael Simmons, Jonathan W. Supler,
7  and all others similarly situated

8

**FILED**

'2009 APR 15  PM 3: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  MICHAEL P. KOBY, an individual;          )  CASE NO.
    MICHAEL SIMMONS, an individual;          )
13  JONATHAN W. SUPLER, an individual; on    )  **'09 CV 0780 JAH      JMA**
    behalf of themselves and all others similarly  )
14  situated,                                )  **CLASS ACTION**
                                             )
15         Plaintiffs,                       )
                                             )
16     vs.                                   )  **COMPLAINT FOR VIOLATIONS**
                                             )  **OF THE FAIR DEBT COLLECTION**
17                                           )  **PRACTICES ACT**
    ARS NATIONAL SERVICES, INC., a           )
18  California Corporation; and JOHN AND      )
    JANE DOES 1 through 25 inclusive,        )
19                                           )
                                             )
20         Defendants.                       )
                                             )
21  _____      )

22        Plaintiffs, MICHAEL P. KOBY ("KOBY") and JONATHAN W. SUPLER ("SUPLER"),

23  on behalf of themselves and all others similarly situated, by way of Complaint against the

24  Defendants, say:

25                              **I. PARTIES**

26        1.     KOBY is a natural person.

27        2.     At all times relevant to this complaint, KOBY is a citizen of Texas and resided in

28  the City of Katy, Harris County, Texas.

-1-

3.      SIMMONS is a natural person.

4.      At all times relevant to this complaint, SIMMONS is a citizen of Washington and resided in the City of Monroe, Snohomish County, Washington.

5.      SUPLER is a natural person.

6.      At all times relevant to this complaint, SUPLER is a citizen of North Carolina and resided in the City of Raleigh, Wake County, North Carolina.

7.      At all times relevant to this complaint, ARS NATIONAL SERVICES, INC. ("ARS") is a for-profit corporation existing pursuant to the laws of the State of California. ARS maintains its principal business address at 960 South Andreasen Drive, Suite B, City of Escondido, San Diego County, California.

8.      Defendants, JOHN AND JANE DOES 1 through 25 inclusive, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

## II. JURISDICTION & VENUE

9.      With respect to Plaintiffs' claims under the FDCPA, jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.      Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

11.      Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because all the Defendants reside in the State of California within the meaning of 28 U.S.C. § 1391(b) and (c).

## III. PRELIMINARY STATEMENT

12.      Plaintiffs, on their own behalf and on behalf of the class they seek to represent, and demanding a trial by jury, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§

-2-

1    1692 *et seq.* ("FDCPA").

2        13.    Such practices include, *inter alia*:

3            (a)    Leaving telephonic voice messages for consumers, which fail to
4                   provide meaningful disclosure of Defendants' identity;

5            (b)    Leaving telephonic voice messages for consumers, which fail to
6                   disclose that the call is from a debt collector; and

7            (c)    Leaving telephonic voice messages for consumers, which fail to
8                   disclose the purpose or nature of the communication (i.e. an
9                   attempt to collect a debt).

10       14.    The FDCPA regulates the behavior of collection agencies attempting to collect a
11   debt on behalf of another. The United States Congress has found abundant evidence of the use of
12   abusive, deceptive, and unfair debt collection practices by many debt collectors, and has
13   determined that abusive debt collection practices contribute to a number of personal
14   bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress
15   enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure
16   that those debt collectors who refrain from using abusive debt collection practices are not
17   competitively disadvantaged, and to promote uniform State action to protect consumers against
18   debt collection abuses. 15 U.S.C. § 1692(a) - (e).

19       15.    The FDCPA is a strict liability statute, which provides for actual or statutory
20   damages upon the showing of one violation. The Ninth Circuit has held that whether a debt
21   collector's conduct violates the FDCPA should be judged from the standpoint of the "least
22   sophisticated debtor." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982).

23       16.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §
24   1692d, provides that a debt collector may not engage in any conduct the natural consequence of
25   which is to harass, oppress, or abuse any person in connection with the collection of a debt and
26   names a non-exhaustive list of certain *per se* violations of harassing and abusive collection
27   conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone
28   calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

-3-

17.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

18.    The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

### IV.  FACTS REGARDING KOBY

19.    KOBY is informed and believes, and on that basis alleges, that sometime prior to September 2008 he allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Koby Obligation").

20.    The alleged Koby Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21.    KOBY is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22.    KOBY is informed and believes, and on that basis alleges, that sometime prior to September 2008, the creditor of the Koby Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ARS for collection.

/ / /

/ / /

-4-

## V.  FACTS REGARDING SIMMONS

23.    SIMMONS is informed and believes, and on that basis alleges, that sometime prior to April 2009 he allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Simmons Obligation").

24.    The alleged Simmons Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25.    SIMMONS is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26.    SIMMONS is informed and believes, and on that basis alleges, that sometime prior to April 2009, the creditor of the Simmons Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ARS for collection.

27.    To date, SIMMONS has not received any written communications from ARS.

## VI.  FACTS REGARDING SUPLER

28.    SUPLER is informed and believes, and on that basis alleges, that sometime prior to December 2008 he allegedly incurred a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes and defaulted on that obligation ("Supler Obligation").

29.    The alleged Supler Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

30.    SUPLER is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

31.    SUPLER is informed and believes, and on that basis alleges, that sometime prior to December 2008, the creditor of the Supler Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ARS for collection.

/ / /

/ / /

/ / /

-5-

## VII.  FACTS COMMON TO ALL PLAINTIFFS

32.   ARS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using interstate commerce or the mails.

33.   ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34.   Within the one year immediately preceding the filing of this complaint, ARS contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts.

35.   Within the one year immediately preceding the filing of this complaint, each of the Plaintiffs received from ARS at least one telephonic voice message on their home answering machines and/or cellular telephones ("Messages").

36.   Each of the Messages was left, or caused to be left, by persons employed by ARS in connection with their attempt to collect a "debt" as defined by 15 U.S.C. §1692a(5).

37.   Each of the Messages uniformly failed to:

   (a)   Provide meaningful disclosure of ARS's identity as the caller;

   (b)   Disclose that the communication was from a debt collector; and

   (c)   Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

38.   Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

39.   An example of three such Messages are transcribed as follows:

> This is Robin calling for Michael Koby, if you could return my call at 800-440-6613; my direct extension is 3171. Please refer to your Reference Number as 15983225. [Received October 14, 2008].

> ***

> Hey John, uh, it's Mike Mazzouli with ARS National. Umm, there appears to be some documents here in my office, uh, John at this point your involved. Call me as soon as you can. My direct number and direct extension is 800-440-6613; I'm at extension 3697. Thank you. [Received on or about December 23, 2008].

> ***

-6-

This is Brian Cooper. This call is for Mike Simmons, I need you to return this call as soon as you get this message 877-333-3880, extension 2571. [Received on April 9, 2009].

40.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

41.     Each of the Messages is false, deceptive, and misleading insofar as ARS failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that ARS is a debt collector, thereby circumventing Congress's intent to permit the Plaintiffs to make an informed decision as to whether they wished to speak with a debt collector.

42.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES 1 through 25 inclusive, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of ARS that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by ARS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## VIII.  POLICIES AND PRACTICES COMPLAINED OF

43.     It is the Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that uniformly fail to:

(a)     Provide meaningful disclosure of ARS's identity as the caller;

(b)     Disclose that the communication is from a debt collector; and

(c)     Disclose the purpose or nature of the communication.

44.     On information and belief, the Messages, as alleged in this complaint under the Facts Common to All Plaintiffs, number at least in the thousands, all of which uniformly fail to:

(a)     Provide meaningful disclosure of ARS's identity as the caller;

(b)     Disclose that the communication is from a debt collector; and

(c)     Disclose the purpose or nature of the communication.

-7-

### IX.  CLASS ALLEGATIONS

45.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46.     The Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from ARS left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify ARS as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

47.     The identities of all class members are readily ascertainable from the records of ARS and those companies and governmental entities on whose behalf ARS attempts to collects debts.

48.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of ARS, Defendants, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

49.     The class period is one year prior to the filing of the initial complaint in this action for all claims under the FDCPA and continues up to and including the date of preliminary class certification.

50.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

51.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

52.     The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiffs have retained counsel with experience in handling

-8-

1 | consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their

2 | attorneys have any interests, which might cause them not to vigorously pursue this action.

3 |      53.    This action has been brought, and may properly be maintained, as a class action

4 | pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

5 | well-defined community interest in the litigation:

6 |     (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege,

7 | that the Plaintiff Class defined above is so numerous that joinder of all members

8 | would be impractical.

9 |     (b)    **Common Questions Predominate:** Common questions of law and fact exist as to

10 | all members of the Plaintiff Class and those questions predominate over any

11 | questions or issues involving only individual class members. The principal issues

12 | are: whether the Defendants' telephonic voice messages, such as the Messages,

13 | violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

14 |     (c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members.

15 | The Plaintiffs and all members of the Plaintiff Class have claims arising out of the

16 | Defendants' common uniform course of conduct complained of herein.

17 |     (d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the

18 | class members insofar as Plaintiffs have no interests that are adverse to the absent

19 | class members. The Plaintiffs are committed to vigorously litigating this matter.

20 | Plaintiffs have also retained counsel experienced in handling consumer lawsuits,

21 | complex legal issues, and class actions. Neither the Plaintiffs nor their counsel

22 | have any interests which might cause them not to vigorously pursue the instant

23 | class action lawsuit.

24 |     (e)    **Superiority:** A class action is superior to the other available means for the fair

25 | and efficient adjudication of this controversy because individual joinder of all

26 | members would be impracticable. Class action treatment will permit a large

27 | number of similarly situated persons to prosecute their common claims in a single

28 | forum efficiently and without unnecessary duplication of effort and expense that

1   individual actions would engender. An important public interest will be served by

2   addressing the matter as a class action, substantial expenses to the litigants and to

3   the judicial system will be realized, and the potential inconsistent or contradictory

4   adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal

5   Rules of Civil Procedure.

6   54.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

7   Procedure is also appropriate in that:

8   (a)   The questions of law and fact common to members of the Plaintiff Classes

9   predominate over any questions affecting an individual member; and

10   (b)   A class action is superior to other available methods for the fair and efficient

11   adjudication of the controversy.

12   55.   Plaintiffs request certification of a hybrid class combining the elements of Rule

13   23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages.

14
### X.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15
### (AGAINST ALL DEFENDANTS)

16   56.   Plaintiffs reallege and incorporate by reference the allegations in the preceding

17   paragraphs of this Complaint.

18   57.   Defendants violated the FDCPA. Defendants' violations with respect to the

19   Messages include, but are not limited to, the following:

20   (a)   Placing telephone calls without providing meaningful disclosure of ARS's

21   identity as the caller in violation of 15 U.S.C. § 1692d(6);

22   (b)   Placing telephone calls without disclosing the nature or purpose of the call

23   in violation of 15 U.S.C. § 1692d(6);

24   (c)   Failing to disclose in its initial communication with the consumer that

25   ARS is attempting to collect a debt and that any information obtained will

26   be used for that purpose, which constitutes a violation of 15 U.S.C. §

27   1692e(11); and

28   (d)   Failing to disclose in all oral communications that ARS is a debt collector

-10-

1                                   in violation of 15 U.S.C. § 1692e(11).

2                         **XI.  PRAYER FOR RELIEF**

3        58.     WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in

4 their favor and in favor of the Plaintiff Class as follows:

5 A.     **For the FIRST CAUSE OF ACTION:**

6       (1)     An order certifying that the First Cause of Action may be maintained as a class

7                pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing

8                Plaintiffs and the undersigned counsel to represent the Plaintiff Class as

9                previously set forth and defined above;

10      (2)     An award of the maximum statutory damages for the Plaintiffs and the Plaintiff

11              Class pursuant to 15 U.S.C. § 1692k(a)(B);

12      (3)     Declaratory relief adjudicating that the Defendants' telephone messages violate

13              the FDCPA;

14      (4)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

15              1692k(a)(B)(3); and

16      (5)     For such other and further relief as may be just and proper.

17

18                                  **SCHROTH & SCHROTH**

19                                  Attorneys for Plaintiffs, MICHAEL P.
KOBY, MICHAEL SIMMONS,

20                                  JONATHAN W. SUPLER, and all others
similarly situated

21 DATED: April 13, 2009

22                               By: *s/ Robert E. Schroth, Jr.*

23                                 ROBERT E. SCHROTH, JR, ESQ.
(SBN 212936)

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael P. Koby, et. al.

**(b)** County of Residence of First Listed Plaintiff   Harris, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
SCHROTH & SCHROTH; 2044 First Avenue, Suite 200, San Diego, CA 92101; (619) 233-7521

## DEFENDANTS
ARS NATIONAL SERVICES, INC.; a California Corporation; and JOHN AND JANE DOES 1 through 25 inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.  SOUTHERN DISTRICT OF CALIFORNIA

Attorneys (If Known)

'09 CV 0780 JAH  JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

|   |   |   |   |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | X 3 | Federal Question (U.S. Government Not a Party) |
| 2 | U.S. Government Defendant | 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury - | of Property 21 USC 881 | | 450 Commerce |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers' | Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | 660 Occupational | 840 Trademark | 480 Consumer Credit |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | 490 Cable/Sat TV |
| (Excl. Veterans) | 345 Marine Product | 370 Other Fraud | 690 Other | | 810 Selective Service |
| 153 Recovery of Overpayment | Liability | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal | 710 Fair Labor Standards | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | Property Damage | Act | 862 Black Lung (923) | 875 Customer Challenge |
| 190 Other Contract | Product Liability | 385 Property Damage | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal | Product Liability | 730 Labor/Mgmt.Reporting | 864 SSID Title XVI | X 890 Other Statutory Actions |
| 196 Franchise | Injury | | & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Sentence | 791 Empl. Ret. Inc. | or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ | **Habeas Corpus:** | Security Act | 871 IRS—Third Party | 895 Freedom of Information |
| 240 Torts to Land | Accommodations | 530 General | | 26 USC 7609 | Act |
| 245 Tort Product Liability | 444 Welfare | 535 Death Penalty | **IMMIGRATION** | | 900 Appeal of Fee Determination |
| 290 All Other Real Property | 445 Amer. w/Disabilities - | 540 Mandamus & Other | 462 Naturalization Application | | Under Equal Access |
| | Employment | 550 Civil Rights | 463 Habeas Corpus - | | to Justice |
| | 446 Amer. w/Disabilities - | 555 Prison Condition | Alien Detainee | | 950 Constitutionality of |
| | Other | | 465 Other Immigration | | State Statutes |
| | 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multidistrict Litigation | 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
Class action complaint for violations of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ✓ Yes   No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)   JUDGE _____   DOCKET NUMBER _____

DATE  11/03/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 162077  AMOUNT 350.  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

4/15/09

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 162097    — SR

April 15. 2009
15:12:42

### Civ Fil Non-Pris
USAO #.: 09CV0780
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC#4705


Total—>  $350.00


FROM: KOBY V. ARS NAT. SVCS.
      DOES 1 - 25
      CIVIL FILING