TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
ARS National Services, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. KOBY, an individual; MICHAEL SIMMONS, an individual; JONATHAN W. SUPLER, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARS NATIONAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES 1 through 25 inclusive,<br><br>Defendant. | CASE NO.  09 CV 0780 JAH JMA<br><br>**JOINT MOTION FOR ORDER GRANTING PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>The Honorable John A. Houston |

1    TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE THAT the plaintiffs Michael P. Koby, Michael

3    Simmons and Jonathan W. Supler, along with defendant ARS National Services, Inc.

4    ("ARS"), will and hereby do jointly move this Court for an Order amending its

5    March 29, 2010 Order Granting In Part and Denying In Part Defendant's Motion For

6    Judgment On The Pleadings ("the Order"), and certifying the Order for interlocutory

7    appeal, pursuant to 28 U.S.C. § 1292(b) and Rule 5(a)(3) of the Federal Rules of

8    Appellate Procedure.

9    This motion is made on the grounds that the Order involves controlling

10   questions of law as to which there is substantial ground for difference of opinion and

11   that an immediate appeal from the Order may materially advance the ultimate

12   termination of the litigation.

13   The Motion will be based on this Notice of Motion and Motion, the

14   Memorandum of Points and Authorities, all of the other papers on file in this action,

15   and such other and further evidence or argument as the Court may allow.

16

17   DATED: July 21, 2010              SIMMONDS & NARITA LLP
                                        TOMIO B. NARITA
18                                      JEFFREY A. TOPOR

19
                                        By:   s/Tomio B. Narita
20                                            Tomio B. Narita
                                              Attorneys for Defendant
21                                            ARS National Services, Inc.

22                                      SCHROTH & SCHROTH
                                        ROBERT E. SCHROTH, SR.
23                                      ROBERT E. SCHROTH, JR.

24                                      WACKS & HARTMANN, LLC
                                        PHILIP D. STERN
25

26                                      By:   s/Philip D. Stern
                                              Philip D. Stern
27                                            Attorneys for Plaintiffs
                                              Michael P. Koby, Michael Simmons
28                                            and Jonathan W. Supler

# TABLE OF CONTENTS

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.   Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.   Whether The Messages Are "Communications" Under The FDCPA
           And Whether The Messages "Meaningfully Disclosed" The Callers'
           Identities Are Controlling Questions Of Law. . . . . . . . . . . . . . . . . 6

      C.   There Is A Substantial Ground For Difference Of Opinion As To
           Both Questions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D.   Allowing An Immediate Appeal Will Materially Advance The
           Ultimate Termination Of This Litigation. . . . . . . . . . . . . . . . . . . 12

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*APCC Servs., Inc. v. AT & T Corp.*,
297 F. Supp. 2d 101 (D.D.C. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 11

*Baker v. Allstate Fin. Servs., Inc.*,
554 F. Supp. 2d 945 (D. Minn. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Belin v. Litton Loan Svc'g.*,
2006 U.S. Dist. LEXIS 47953 (M.D. Fla., July 14, 2006). . . . . . . . . . . . . . . . . . 8, 10

*Biggs v. Credit Collection Corp.*,
2007 U.S. Dist. LEXIS 84793 (W.D. Okla. Nov. 15, 2007). . . . . . . . . . . . . . . . . 8, 10

*Brizzee v. Fred Meyer Stores, Inc.*,
2008 WL 426510 (D. Or. Feb. 13, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Costa v. Nat'l Action Fin. Servs.*,
2007 WL 4526510 (E.D. Cal. Dec. 19, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dalie v. Pulte Home Corp.*,
636 F. Supp. 2d 1025 (E.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Edwards v. Niagara Credit Solutions, Inc.*,
586 F. Supp. 2d 1346 (N.D. Ga. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Federal Trade Commission v. Swish Marketing*,
2010 WL 1526483 (N.D. Cal. Apr. 14, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Foti v. NCO Financial Sys., Inc.*,
424 F. Supp. 2d 643 (S.D.N.Y. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Helman v. Alcoa Global Fasteners Inc.*,
2009 WL 2058541 (C.D. Cal. June 16, 2009). . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 12

*Hosseinzadeh v. M.R.S. Assocs., Inc.*,
387 F. Supp. 2d 1104 (C.D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Cal. Title Ins. Antitrust Litig.*,
2010 WL 785798 (N.D. Cal. Mar. 3, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Klinghofer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achillie Lauro in Amministrazione Straordinaria*,
921 F.2d 21 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Koby v. ARS Nat'l Servs., Inc.*,
2010 WL 1438763 (S.D. Cal. Mar. 29, 2010). . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 11

*Kotrous v. Goss-Jewett Co. of No. Cal., Inc.*,
2005 WL 2452606 (E.D. Cal. Oct. 4, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

*Langdon v. Credit Management, LP*,
2010 U.S. Dist. LEXIS 16138 (N.D. Cal. Feb. 24, 2010). . . . . . . . . . . . . . . . . . . . 11

*Lucas v. Bell Trans*,
2009 WL 3336112 (D. Nev. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Romea v. Heiberger & Assocs.*,
988 F. Supp. 715 (S.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Suever v. Connell*,
2008 WL 906243 (N.D. Cal. Apr. 1, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10

*United States v. Woodbury*,
263 F.2d 784 (9th Cir. 1959). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yeager v. Cingular Wireless LLC*,
2010 WL 935431 (E.D. Cal. Mar. 15, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**FEDERAL STATUTES**

28 U.S.C. § 1292(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fair Debt Collection Practices Act,
   15 U.S.C. § 1692 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
   15 U.S.C. § 1692a(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7
   15 U.S.C. § 1692c(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   15 U.S.C. § 1692d(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
   15 U.S.C. § 1692e(11). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**OTHER AUTHORITIES**

4 Am. Jur. 2d *Appellate Review*, § 123 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

1  **I.      INTRODUCTION**

2          Defendant ARS National Services, Inc. ("ARS" or "Defendant") and Plaintiffs

3  Michael Koby, Michael Simmons and Jonathan Supler (collectively, "Plaintiffs")

4  jointly move this Court to amend its order granting in part and denying in part

5  Defendant's motion for judgment on the pleadings (Docket 19) ("the Order"), by

6  certifying the Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

7  Certification is warranted because the Order involves controlling questions of law as

8  to which there is substantial ground for difference of opinion and an immediate

9  appeal from the Order may materially advance the ultimate termination of the

10  litigation.

11          This case concerns the content of voice mail messages.  The Complaint alleges

12  ARS employees left Plaintiffs voice mail messages that failed to disclose that ARS

13  was attempting to collect a debt from Plaintiffs, and that failed to provide

14  "meaningful disclosure" of ARS's identity.  The messages allegedly violate sections

15  1692e(11) and 1692d(6) of the Fair Debt Collection Practices Act ("FDCPA"), 15

16  U.S.C. §§ 1692e(11) & 1692d(6).  ARS moved for judgment on the pleadings,

17  arguing that the messages did not constitute "communications" within the meaning of

18  the FDCPA, and that they did meaningfully disclose who was calling.

19          The Court held that, as alleged, the messages left for all three Plaintiffs

20  violated 1692d(6)'s requirement for meaningful disclosure of the caller's identity.

21  The Court also held that the messages left for Koby and Supler were

22  "communications" under the FDCPA, but that the message left for Simmons –

23  "which merely included the caller's name and asked for a return call" – was not a

24  "communication," even though it was left in connection with ARS's attempt to

25  collect a debt.

26          No circuit court has directly addressed whether, or how, the FDCPA should be

27  applied to voice mail messages.  In making its ruling, the Court relied, in part, on

28  district court decisions cited by Plaintiffs, holding that a voice mail message is a

"communication" under section 1692a(2) of the FDCPA even if the message does not convey any information regarding a debt.  The Court also relied upon district court cases holding that a message does not "meaningfully disclose" the caller's identity unless the message expressly states that it is from a debt collector seeking to collect a debt.  Interlocutory review is warranted here.

First, both of the issues raised here are controlling questions of law.  If the Ninth Circuit concludes that the messages allegedly left by ARS for plaintiffs Koby and Supler did not constitute "communications" within the meaning of section 1692a(2), this would materially affect the outcome of this litigation.  Similarly, a contrary ruling finding that the Simmons messages was a "communication" would also materially affect the outcome of this litigation.  An appellate ruling would either eliminate Plaintiffs' claims under section 1692e(11), because absent a "communication," there can be no violation of that provision, or would provide even treatment of all Plaintiffs' claims, as well as providing guidance with respect to any voice mail message left in an attempt to collect a debt.  Likewise, an appellate decision that ARS "meaningfully disclosed" its identity in the messages would negate Plaintiffs' claim under section 1692d(6) of the FDCPA.

Second, there are substantial grounds for difference of opinion.  As to the section 1692e(11) claim, no circuit court has addressed the question and district courts have reached conflicting and contradictory opinions.  In addition, Plaintiffs respectfully contend that the Court's ruling under section 1692e(11) regarding the message left for plaintiff Simmons creates an anomaly.

No circuit court has addressed the requirements of section 1692d(6).  Defendant respectfully contends that the Court's ruling that ARS did not "communicate" with Simmons, while holding that ARS was nevertheless required to state it was a "debt collector" to comply with section 1692d(6), creates an inconsistency.  ARS also contends that to the extent the Court reasoned that a collector can avoid liability under 1692d(6) by merely electing not to leave any voice

mail message, this conflicts with a recent opinion of the Northern District of California, discussed herein, which effectively ruled that a collector <u>must</u> leave a voice mail message in order to avoid liability under section 1692d(6).  The existence of such varying district court decisions justifies the guidance an appellate ruling would provide.

Finally, allowing an appeal at this juncture will materially advance the ultimate termination of this litigation.  Resolution of the questions presented, which are easily separated from the rest of the case, present an opportunity to terminate the litigation completely if the Ninth Circuit agrees with ARS, and would obviate the need for the parties and the Court to engage in expensive class-action litigation and a trial.

Accordingly, the parties jointly request that the Court certify its prior order for immediate appeal pursuant to section 1292(b).

## II.   <u>PROCEDURAL HISTORY</u>

On April 15, 2009, Plaintiffs filed their Complaint, alleging that they are "consumers" and that ARS is a "debt collector" within the meaning of the FDCPA.  *See* Complaint ¶¶ 21, 25, 30, and 33.  According to Plaintiffs, employees of ARS left messages on Plaintiffs' voice mail machines in connection with an attempt to collect.  *Id*. ¶¶ 34-36.

At paragraph 39 of the Complaint, Plaintiffs purported to transcribe examples of the voice mail messages, as follows:

> This is Robin calling for Michael Koby, if you could return my call at 800-440-6613; my direct extension is 3171.  Please refer to your Reference Number as 15983225. [Received October 14, 2008].
>
> ***
>
> Hey John, uh, it's Mike Mazzouli with ARS National. Umm, there appears to be some documents here in my office, uh, John at this point your [sic] involved.  Call me as soon as you can.  My direct number and direct extension is 800-440-6613; I'm at extension 3697.  Thank you. [Received on or about December 23, 2008].
>
> ***
>
> This is Brian Cooper.  This call is for Mike Simmons, I need you to return this call as soon as you get this message 877-333-3880, extension 2571. [Received on April 9, 2009].

1   *Id.* ¶ 39.  Plaintiffs alleged that the messages failed to provide meaningful disclosure

2   of the caller's identity, and failed to disclose they were from a debt collector.  *Id.* ¶

3   37.  According to Plaintiffs, the messages violated section 1692d(6) and 1692e(11)

4   of the FDCPA.  *Id.* ¶ 57.

5          Defendant moved for judgment on the pleadings.  Defendant argued that no

6   "communication" had occurred, within the meaning of section 1692a(2) of the

7   FDCPA, because the messages did not convey "information regarding a debt," and

8   therefore 1692e(11) was not violated.  Defendant also argued that the messages

9   satisfied the requirements of section 1692d(6) because they included the name of the

10  caller and an 800-number that could be used to return the calls, and they therefore

11  "meaningfully disclosed" the callers' identities.  *See* Docket No. 6.

12         The Court subsequently issued an Order that denied in part and granted in part

13  Defendant's motion.  *See* Docket No. 19, reported at *Koby v. ARS Nat'l Servs., Inc.*,

14  2010 WL 1438763 (S.D. Cal. Mar. 29, 2010).  First, as to Plaintiffs' claim that the

15  messages violated section 1692e(11), the Court found that the messages left for

16  plaintiffs Koby and Supler (but not Simmons) were "communication[s]" within the

17  meaning of the FDCPA because they "indirectly conveyed information involving the

18  debts involved."  *Koby*, 2010 WL 1438763 at *3.  Regarding the message left for

19  plaintiff Simmons, however, the Court found it did not constitute a "communication"

20  because it "merely included the caller's name and asked for a return call" but it did

21  "not convey, directly or even indirectly, any information regarding the debt owed."

22  *Id.* at *4.

23         The only distinction drawn by the Court was the fact that the messages left for

24  Koby and Supler, respectively, mentioned "a reference number" and referred to

25  "documents in the caller's office," whereas the message left for Simmons "merely

26  included the caller's name and asked for return call."  *Id.* at **3-4.  As the Court

27  noted, however, the messages left for Koby and Supler also "contained language

28  asking the listener to return the call."  *Id.* at *3.

1    Notwithstanding that all three messages requested a return call, the Court
2    inferred that, as to Koby and Supler only, "[t]he intention of ARS was to contact
3    Plaintiffs, or be contacted by Plaintiffs, in order to attempt to collect a debt and
4    served no purpose other than encouraging the Plaintiffs to pay their debt." *Id.*  Based
5    on the distinction and the inference, the Court concluded that the messages left for
6    Koby and Supler were "communications" subject to the FDCPA. *See id.*  Because
7    those messages were ruled to be "communications" and because they allegedly did
8    not disclose that ARS was attempting to collect a debt and that any information
9    obtained would be used for that purpose, the Court held that Koby and Supler had
10   stated a claim under section 1692e(11). *See id.* at *4.

11   Second, as to Plaintiffs' claim that the messages violated section 1692d(6), the
12   Court found that "none of the messages relay to the listener the nature of the call - to
13   collect a debt - or the caller's identity as a 'debt collector.'"  *Id.* at *5.  Applying a
14   definition of "meaningful disclosure" adopted by two other district courts in
15   California, the Court accordingly held that "in each situation where [Defendant]
16   failed to disclose that the caller was a debt collector and that the purpose of the call
17   was to collect a debt, [Defendant] failed to meet the standards prescribed by §
18   1692d(6). *Id.*

19   The Court rejected Defendant's argument that requiring it "to state in a voice
20   mail that [it] is a debt collector and is attempting to collect a debt" would expose it to
21   potential liability under section 1692c(b) for an improper third party disclosure if
22   someone other than the debtor heard the message. *See id.* at **5-6.  Finally, the
23   Court concluded that its interpretation of the "meaningful disclosure" requirement of
24   the FDCPA did not raise "serious constitutional questions." *Id.* at *6.

25   **III.   ARGUMENT**

26        **A.    Legal Standard**

27   Generally, a non-final order, such as this Court's Order denying in part a
28   motion for judgment on the pleadings, is not immediately appealable. *See, e.g.,*

1  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978); *Kotrous v. Goss-Jewett*

2  *Co. of No. Cal., Inc.*, 2005 WL 2452606, *1 (E.D. Cal. Oct. 4, 2005).  In certain

3  circumstances, however, an interlocutory appeal may be permitted.  For instance:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

9  28 U.S.C. § 1292(b).

10  Upon motion, a district court may amend a prior order if the court is of the

11  opinion that the requirements of section 1292(b) have been satisfied.  *See* Fed. R.

12  App. P. 5(a)(3).  "Under section 1292(b), interlocutory appeal is appropriate where

13  the order at issue concerns (1) a controlling question of law; (2) about which there is

14  substantial ground for difference of opinion; and (3) an immediate appeal may

15  materially advance the ultimate termination of the litigation."  *Suever v. Connell*,

16  2008 WL 906243, *3 (N.D. Cal. Apr. 1, 2008).  In sum, section 1292(b) "was

17  intended primarily as a means of expediting litigation by permitting appellate

18  consideration during the early stages of litigation of legal questions which, if decided

19  in favor of the appellant, would end the lawsuit."  *United States v. Woodbury*, 263

20  F.2d 784, 787 (9th Cir. 1959).  Where the case "involves a question of broad

21  applicability that is of considerable importance to the bench and bar," and there is

22  "an enormous volume of litigation" raising the issue, interlocutory appeal is

23  particularly appropriate.  *See Romea v. Heiberger & Assocs.*, 988 F. Supp. 715, 717

24  (S.D.N.Y. 1998).  The parties submit that interlocutory review is appropriate here.

**B.   Whether The Messages Are "Communications" Under The FDCPA And Whether The Messages "Meaningfully Disclosed" The Callers' Identities Are Controlling Questions Of Law**

27  "[A] question of law is controlling if 'resolution of the issue on appeal could

28  materially affect the outcome of litigation in the district court.'"  *Helman v. Alcoa*

1  *Global Fasteners Inc.*, 2009 WL 2058541, *5 (C.D. Cal. June 16, 2009), quoting  *In*

2  *re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  It is not necessary

3  that the issue "be dispositive of the lawsuit to be controlling." *Federal Trade*

4  *Commission v. Swish Marketing*, 2010 WL 1526483, *1 (N.D. Cal. Apr. 14, 2010).

5  Nor is it "necessary that 'reversal of the district court's order terminate the

6  litigation.'" *Helman*, 2009 WL 2058541 at *5, quoting *In re Cement Antitrust Litig.*,

7  673 F.2d at 1026.  Where, as here, the issue to be decided "is a 'pure legal question'

8  involving no factual issues, an interlocutory appeal is especially appropriate." *Id.*[1]

9  Both of the questions presented here are controlling questions of law.

10       First, Defendant submits that a Ninth Circuit opinion concluding that the

11  messages allegedly left by ARS for plaintiffs Koby and Supler did not constitute

12  "communications" within the meaning of section 1692a(2) would materially affect

13  the outcome of this litigation.  Such a ruling would render Plaintiffs' claims under

14  section 1692e(11) non-viable, *see, e.g., Yeager v. Cingular Wireless LLC*, 2010 WL

15  935431, *2 (E.D. Cal. Mar. 15, 2010), because absent a "communication," there can

16  be no violation of that provision, *see* 15 U.S.C. § 1692e(11) (imposing liability if

17  debt collector fails to disclose certain information in "initial written *communication*"

18  or in "initial oral *communication*" (emphasis added)).  Given that there can be no

19  liability unless there was a "communication" within the meaning of section

20  1692a(2), the question is particularly appropriate for interlocutory appellate review.

21  *See Romea*, 988 F. Supp. at 717.

22       Similarly, Plaintiffs contend that a Ninth Circuit opinion that the message left

23  for Simmons did qualify as a "communication" is an issue of law, the outcome of

24  which would control as to the Simmons message and those similar to it.  Plaintiffs

26  [1] Interlocutory review is not limited to "pure legal questions." *See Dalie v. Pulte*
27  *Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (stating that "the Ninth
28  Circuit Court of Appeals has never embraced the rule that only pure legal questions are controlling questions of law under § 1292(b)").

observe that non-binding district court decisions have been inconsistent.  Some district courts have looked to the purpose of the voice message and found it to be a "communication" because it sought to begin a dialogue with the consumer in an attempt to collect a debt.  *See, e.g., Foti v. NCO Financial Sys., Inc.*, 424 F. Supp. 2d 643, 655 (S.D.N.Y. 2006); *Belin v. Litton Loan Svc'g.*, 2006 U.S. Dist. LEXIS 47953, *12 (M.D. Fla., July 14, 2006).  In contrast, this Court's decision and *Biggs v. Credit Collection Corp.*, 2007 U.S. Dist. LEXIS 84793 (W.D. Okla. Nov. 15, 2007), have concluded that a message left in connection with an attempt to collect a debt is not a "communication."  Unlike *Biggs*, this Court also addressed whether the message complied with section 1692d(6)'s requirement for meaningful identification of the caller.  Plaintiffs contend that compliance with section 1692d(6) would, under this Court's ruling, transform the message into a "communication," which in turn would trigger section 1692e(11).  Thus, appellate guidance would assist in not only resolving the legal questions but, also, if this class is certified, in resolving potential issues of typicality and commonality with respect to each of the Plaintiffs' claims.

In addition, Defendant contends that an appellate ruling that each of the messages allegedly left by ARS "meaningfully disclosed" the identity of the callers would eviscerate Plaintiffs' claim under section 1692d(6) of the FDCPA, and would thereby streamline (if not completely eliminate) the present litigation.

## C.   There Is A Substantial Ground For Difference Of Opinion As To Both Questions

Given that the Ninth Circuit has never ruled on these important issues, and district courts have come to differing results, the parties maintain that substantial grounds for difference of opinion exists.  As one district court recently observed:

> [A] substantial ground for difference of opinion may be demonstrated by adducing conflicting and contradictory opinions of courts which have ruled on the issue.  Furthermore, the mere fact that a substantially greater number of judges have resolved the issue one way rather than another does not tend to show that there is no substantial grounds for difference of opinion, since it is the duty of the district judge faced with the motion for certification to analyze the strength of the arguments in opposition to the challenged ruling when

deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.

*See Lucas v. Bell Trans*, 2009 WL 3336112, **3-4 (D. Nev. 2009) (quoting 4 Am. Jur. 2d *Appellate Review*, § 123 (2009)); *accord APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003). "Indeed, an issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is 'difficult and of first impression.'" *Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, *4 (D. Or. Feb. 13, 2008) (quoting *Klinghoffer*, 921 F.2d at 25).

Thus, there does not need to be a large number of conflicting decisions to meet this prong of the test. A substantial ground for difference of opinion has been found to exist where one court decided an issue one way and just two other courts decided the issue the other way, and the governing appellate court has not weighed in on the issue. *See Suever*, 2008 WL 906243 at *3 (concluding that substantial ground for difference of opinion existed where court's order reached conclusion inconsistent with only two other district court opinions and appellate court had not issued decision addressing issue); *see also Klinghofer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achillie Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (granting immediate appeal where "the legal issues are difficult and of first impression"). A substantial basis for disagreement may also exist "where there is a 'dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits.'" *Swish Marketing*, 2010 WL 1526483 at *2 (quoted citation omitted); *accord In re Cal. Title Ins. Antitrust Litig.*, 2010 WL 785798, *1 (N.D. Cal. Mar. 3, 2010) (concluding substantial ground for difference of opinion existed where there was a "dearth of precedent on the legal issues presented to the Court").

Here, the Ninth Circuit has never addressed whether voice mails like those allegedly left by Defendant are "communications" under the FDCPA. Indeed, no circuit court has decided the issue. ARS identified a number of "conflicting and

contradictory opinions of courts which have ruled on the issue" in its opening memorandum. *See* Docket No. 6 at 7:1-7 & n.2.[2]  Plaintiffs likewise discussed the disparate cases. *See* Docket No. 12 at 7 to 12.  The fact this Court's ruling as to Simmons' section 1692e(11) claim stands beside *Biggs* but in contract to numerous contrary decisions evidences that the number of opinions supporting one position is neither dispositive, *see Lucas*, 2009 WL 3336112 at **3-4; *APCC Servs., Inc.*, 297 F. Supp. 2d at 107, nor does it prevent this Court from concluding that a substantial ground for difference of opinion exists, *see Suever*, 2008 WL 906243 at *3 (concluding that substantial ground for difference of opinion existed where court's order reached conclusion inconsistent with only two other district court opinions and appellate court had not issued decision addressing issue).

In addition, a substantial ground for difference of opinion exists regarding Plaintiffs' "meaningful disclosure" claim under section 1692d(6).  There is no appellate decision directly addressing the issue.  But as discussed below, a decision issued earlier this year by the Northern District of California is in direct conflict with the reasoning employed by this Court in the Order.

When this Court ruled against ARS on the section 1692d(6) claim, it opined that ARS was <u>not</u> required to leave a voice mail message for Plaintiffs.  Indeed, the Court opined that "nothing in the FDCPA or the Constitution entitles or guarantees a

---

[2]  Specifically, ARS urged the Court to follow *Biggs v. Credit Collections, Inc.*, 2007 WL 4034997, *4 (W.D. Okla. Nov. 15, 2007) (section 1692e(11) claim failed where voice mail messages did not convey any information regarding debt), as opposed to *Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (voice mail messages that did not convey specific information about debt held to be "communications" under the FDCPA); *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 952 (D. Minn. 2008) (same); *Costa v. Nat'l Action Fin. Servs.*, 2007 WL 4526510, *5 (E.D. Cal. Dec. 19, 2007) (same); *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410, *4 (M.D. Fla. July 14, 2006) (same); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 655-57 (S.D.N.Y. 2006) (same); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (same).

debt collector the right to leave a message on a debtor's voice mail," and that ARS could not leave voice mail messages just because it concluded that was the "most efficient" way of reaching consumers. *See Koby*, 2010 WL 1438763, at *5-6.

In *Langdon v. Credit Management, LP*, 2010 U.S. Dist. LEXIS 16138 (N.D. Cal. Feb. 24, 2010), however, the court held that plaintiff had alleged a viable claim under section 1692d(6) and section 1692e(11) of the FDCPA because the defendant collector called and hung up **without** leaving any message on the plaintiff's voice mail. *See id*. at *6. Thus, contrary to the reasoning of this Court, the ruling in *Langdon* effectively holds that debt collectors must leave voice mail messages whenever they call.

This Court has ruled that no serious constitutional issues are raised in part because ARS is neither entitled nor required by the FDCPA to leave a message, but the *Langdon* opinion differs. ARS submits that in light of the reasoning employed in *Langdon*, and the reasoning employed by this Court, there are substantial grounds for difference of opinion as to whether the messages at issue in this case violate section 1692d(6) and section 1692e(11). In addition, ARS contends that reasonable grounds for difference of opinion exists here because it previously presented strong arguments why the phrase "meaningful disclosure" meant different things in different contexts. *See Lucas*, 2009 WL 3336112 at **3-4; *APCC Servs., Inc.*, 297 F. Supp. 2d at 107.

Finally, ARS submits that the Court's ruling that the message left for Simmons was not a "communication" within the meaning of the FDCPA is inconsistent with its ruling that all of the Plaintiffs had stated a claim under section 1692d(6). On the one hand, the Court determined that ARS did not "communicate" with Simmons in connection with attempting to collect a debt, but on the other hand, the Court concluded that ARS was required to inform Simmons that ARS was a debt collector and that it was calling to collect a debt. This incongruity suggests that there is a

1  substantial ground for difference of opinion as to what a debt collector must disclose

2  to satisfy the requirements of section 1692d(6).

### D.   Allowing An Immediate Appeal Will Materially Advance The Ultimate Termination Of This Litigation

Resolution of these controlling legal issues will materially advance this

litigation.  "This factor is linked to whether an issue of law is 'controlling' in that the

court should consider the effect of a reversal by the court of appeals on the

management of the case."  *Kotrous*, 2005 WL 2452606 at *2.   "Immediate appeal

should be granted where there is a 'highly debatable question that is easily separated

from the rest of the case, that offers an opportunity to terminate the litigation

completely, and that may spare the parties the burden of a trial that is expensive for

them even if not for the judicial system."  *Helman*, 2009 WL 2058541 at *6.  If a

reversal will result in a dismissal of the claim upon which this Court's jurisdiction is

premised, resolution of the issue would "materially speed the termination of

litigation."  *Koutros*, 2005 WL 2452606 at *4.

Allowing an immediate appeal here would materially advance the termination

of this action.  The appeal would present discrete legal questions that are "easily

separated" from the remainder of the case.  As this is a putative class action, enabling

the Ninth Circuit to resolve these questions now would spare the Court and the

parties of the burden of proceeding with potentially expensive and time-consuming

litigation, including class-related discovery, class certification briefing and

(possibly) providing class notice.  Reversal would result in dismissal of Plaintiffs'

claims, avoiding the need for these expenditures of valuable resources.

## IV.   CONCLUSION

For each of the foregoing reasons, Plaintiffs and Defendant respectfully

request that the Court issue an Order amending its prior order granting in part and

denying in part Defendant's motion for judgment on the pleadings by certifying that

Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

1  DATED: July 21, 2010          SIMMONDS & NARITA LLP
                                 TOMIO B. NARITA
2                                JEFFREY A. TOPOR

3

4                                By:   s/Tomio B. Narita
                                      Tomio B. Narita
5                                     Attorneys for Defendant
                                      ARS National Services, Inc.
6
                                 SCHROTH & SCHROTH
7                                ROBERT E. SCHROTH, SR.
                                 ROBERT E. SCHROTH, JR.
8
                                 WACKS & HARTMANN, LLC
9                                PHILIP D. STERN

10

11                               By:   s/Philip D. Stern
                                      Philip D. Stern
12                                    Attorneys for Plaintiffs
                                      Michael P. Koby, Michael Simmons
13                                    and Jonathan W. Supler

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Tomio B. Narita, hereby certify that:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel of record for the defendant in this action.

On July 21, 2010, I caused the **JOINT MOTION FOR ORDER GRANTING PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Robert E. Schroth, Jr.
robschrothesq@sbcglobal.net
Counsel for Plaintiffs

Philip D. Stern
pstern@philipstern.com
Counsel for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 21st day of July, 2010.

By:   s/Tomio B. Narita
      Tomio B. Narita
      Attorneys for Defendant
      ARS National Services, Inc.