TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
ARS National Services, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. KOBY, an individual; MICHAEL SIMMONS, an individual; JONATHAN W. SUPLER, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARS NATIONAL SERVICES, INC., a California Corporation; and JOHN AND JANE DOES 1 through 25 inclusive,<br><br>Defendant. | CASE NO.  09 CV 0780 JAH JMA<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECERTIFY ORDER GRANTING PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Under Submission (*See* Doc. No. 32)<br><br>The Honorable John A. Houston |

## I. INTRODUCTION

Less than three months ago, Plaintiffs jointly moved this Court to certify its order granting in part and denying in part Defendant's motion for judgment on the pleadings ("the Order") for immediate appeal pursuant to 28 U.S.C. § 1292(b), and the Court granted the joint motion. *See* Doc. No. 25. Plaintiffs have now done an abrupt about-face, claiming there is no substantial grounds for difference of opinion justifying certification. They rely on three cases. One was decided over a decade ago and had nothing to do with the issues presented in this case. The second was decided the same day as this Court's certification order, but also did not address the issues presented here. The third was decided a week after this Court issued its certification decision, but expressly rejects this Court's reasoning and thus reinforces the Court's previous finding that there is a substantial ground for difference of opinion. The Court's finding was correct then and none of the cases cited by Plaintiffs do anything to undermine that finding.

Plaintiffs have also inexplicably repudiated their prior position that allowing an immediate appeal will materially advance the ultimate termination of the litigation. Whereas they previously argued that an interlocutory appeal would avoid the need for expensive protracted and possibly unnecessary time-consuming discovery and class-certification motion practice, they now baldly claim these matters could be resolved in a "matter of months," because of some unidentified admissions in Defendant's Answer. Contrary to Plaintiffs' suggestion, nothing of substance has changed in the interim since the Court found, rightly, that an immediate appeal would materially advance the ultimate termination of this case.

In sum, the Court correctly certified its order for interlocutory appeal. Allowing the Ninth Circuit to resolve the issues decided by the Court in the Order will bring much-needed guidance and clarity, and will materially advance the litigation by possibly avoiding the need for protracted and expensive class action litigation. Accordingly, Defendant respectfully requests that this Court recertify the

Order for immediate appeal pursuant to 28 U.S.C. § 1292(b), because doing so will advance the purposes of section 1292(b) and foster judicial efficiency.

## II.  ARGUMENT

Plaintiffs do not dispute that recertification is permitted.  *See In re Benny*, 812 F.2d 1133, 1137 (9th Cir. 1987).  Indeed, Plaintiffs completely ignore the authorities cited by Defendant in support of its motion to recertify.[1]  Instead, Plaintiffs submit that recertification is not appropriate because two of the three section 1292(b) factors – whether substantial grounds for difference of opinion exist and whether allowing an immediate appeal will materially advance the ultimate termination of this litigation – are no longer present.  Plaintiffs are wrong.

### A.  A Substantial Ground For Difference Of Opinion Still Exists

First, Plaintiffs contend that, contrary to the position they took previously, no substantial ground for difference of opinion exists.  They cite three cases, one decided a dozen years ago (*Romine*), one decided the same day as the Court's original certification order (*Gburek*), and one decided a week later (*Hutton*).  None of these authorities compel a conclusion that the substantial ground for difference of opinion found by the Court a few months ago no longer exists.

Plaintiffs do not explain why they failed to bring *Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998), to the Court's attention earlier.  The

---

[1] Significantly, Plaintiffs do not argue that recertification is not available under the circumstances presented here.  *See Abraham v. Volkswagen of Am., Inc.*, 1991 WL 89133, *1 (W.D.N.Y. May 28, 1991) (recertifying where original petition filed one day late after counsel "mistakenly believed that the computation of time provided by Rule 6 of the Federal Rules of Civil Procedure controlled when, in fact, Rule 26 of the Federal Rule of Appellate Procedure controls the computation and extension of time"); *see also Marisol A. by Forbes v. Guiliani*, 104 F.3 524, 529 (2d Cir. 1997) (rejecting argument that defendant's negligence precluded recertification, and noting that "defendants have candidly admitted from the outset that their failure to timely petition this court resulted from their miscalculation of the 10-day period").

KOBY *ET AL*. V. ARS NATIONAL SERVICES, INC. *ET AL*. (CASE NO. 09 CV 0780 JAH JMA)
REPLY ISO DEFENDANT'S MOTION TO RECERTIFY ORDER GRANTING PERMISSION TO APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)                                                                                              2

reason for the omission might be that the case does not even apply here given that, as the Plaintiffs concede, it "did not address voice mail messages or the meaning of 'communication.'" *See* Doc. No. 36 at 4:21. Rather, *Romine* addressed whether the actions of Western Union rendered it a "debt collector" within the meaning of section 1692a(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6). *See Romine*, 155 F.3d at 1145-46. Simply put, *Romine* is irrelevant.

Plaintiffs describe *Romine* as "appl[ying] a purpose-and-context analysis . . . for determining when the conveyance of words between a debt collector and consumer constitute a 'communication' under the FDCPA." *See* Doc. No. 36 at 4:18-20. But there is no such test outlined in *Romine*. Indeed, the word "context" does not even appear in the opinion. Even if this Court were to assume that *Romine* required such an analysis, the Court has already examined the "purpose and context" of Defendant's voice mail messages when it ruled on Defendant's motion for judgment on the pleadings. *Romine* adds nothing new.

Specifically, the Court noted that the "purpose of [section 1692e(11) is] to prevent misleading representations in connection with collecting a debt," and that "[t]he intention of ARS was to contact Plaintiffs, or be contacted by Plaintiffs, in order to attempt to collect a debt and served no purpose other than encouraging the Plaintiffs to pay their debt." *Koby v. ARS Nat'l Servs., Inc.*, 2010 WL 1438763, *3 (S.D. Cal. Mar. 29, 2010) (underlining added). The Court observed that the messages left for Koby and Supler mentioned, respectively, "a reference number" and "documents in the caller's office." *See id.* Based on this, the Court found those messages were "communications." *See id.* The Court, however, found that the message left for Simmons was not a "communication" because it only "included the caller's name and asked for a return call," but did "not convey, directly or even indirectly, any information regarding the debt owed." *See id.* Thus, the Court carefully considered the purpose and context of the messages to determine if they

were "communications." Assuming that *Romine* applies here (it does not), the Court followed it.

Next, Plaintiffs rely on a case from the Seventh Circuit, *Gburek v. Litton Loan Service, LP*, __ F.3d __, 2010 WL 2899110 (7th Cir. July 27, 2010), which was issued the same day as this Court issued its certification order. *Gburek* involved collection letters, <u>not</u> voice mail messages. More importantly, the opinion did <u>not</u> address whether the letters were "communications" (it assumed they were), but rather whether the letters were sent "in connection with the collection of any debt," a prerequisite to liability under sections 1692c, 1692e and 1692g of the FDCPA. *See id.* at *3 ("The issue in this appeal is whether the communications Gburek challenges were made in connection with the collection of her debt.").

Surveying its prior decisions, the Seventh Circuit explained that "these cases establish that the absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector *is made in connection with the collection of any debt*. The nature of the parties' relationship is also relevant, . . . [and] the purpose and context of the communications-viewed objectively-are important factors as well." *Id.* at **3-5 (italics added). Although the Seventh Circuit did look to the "purpose and context" of the letters, this analysis was not done as part of determining whether the letters constituted "communications" under section 1692a(6).[2] Even if *Gburek* is relevant, it does not change the analysis here, because the Court examined the purpose and context of the voice mail messages when it made its prior ruling. *See Koby*, 2010 WL 438763 at *3.

The third case, *Hutton v. C.B. Accounts*, 2010 WL 3021904 (C.D. Ill. Aug. 3, 2010), actually supports Defendant's position, as it affirms that there is substantial

---

[2] Plaintiffs submit that *Gburek* "concretize[s] *Romine*'s application here." Doc. No. 36 at 5:4. *Gburek*, however, did not mention *Romine*.

ground for difference of opinion. The *Hutton* court specifically rejected this Court's reasoning in finding that a message that was similar to the message left for Simmons <u>did</u> constitute a "communication" under the FDCPA. *See id.* at *3.[3]

None of the authorities cited by Plaintiffs help them. They all confirm that – as the Court correctly found – a substantial grounds for difference of opinion exists.[4] Allowing an interlocutory appeal will permit the Ninth Circuit to provide guidance and consistency in an area where it is sorely need.

### B.  Recertification Will Materially Advance The Ultimate Termination Of The Litigation

Plaintiffs now argue that an immediate appeal will not materially advance the ultimate termination of this litigation. Plaintiffs maintain that "only a complete reversal would short-circuit this case," and that "a complete reversal is unlikely." *See* Doc. No. 36 at 6:5, 6:7. If reversal will result in a dismissal of the claim upon which this Court's jurisdiction is premised, as Plaintiffs concede is the case here, then resolution of the issue would, in fact, "materially speed the termination of litigation." *Kotrous v. Goss-Jewett Co. of No. Cal., Inc.*, 2005 WL 2452606, *4 (E.D. Cal. Oct. 4, 2005).

---

[3] Previously, "Plaintiffs observe[d] that non-binding district court decisions have been inconsistent," and "maintain[ed] that substantial grounds for difference of opinion exists." Doc. No. 24 at 7:25-8:1, 8:22-23. Currently, however, they claim that *Gburek* and *Hutton* "now eliminate any doubt that there is a basis to conclude that there is a 'substantial ground for difference of opinion' within the meaning of § 1292b." Doc. No. 36 at 19-20. Plaintiffs make no effort to reconcile these inconsistent positions.

[4] In their joint motion to certify, the parties argued that a substantial ground for difference of opinion also existed as to "Plaintiffs' 'meaningful disclosure' claim under section 1692d(6)," pointing out that the Northern District of California had issued an opinion "in direct conflict with the reasoning employed by this Court in the Order" on Defendant's motion for judgment on the pleadings. *See* Doc. No. 24 at 12-16. Plaintiffs do not argue otherwise in their present opposition.

Plaintiffs also speculate that "discovery should not be protracted and the case could be ready for dispositive and class certification motions in a matter of months." *Id.* at 6:9-10. Again, this is directly contrary to the position Plaintiffs took just a few months ago. In the parties' joint motion, Plaintiffs argued that permitting an interlocutory appeal "would spare the Court and the parties of the burden of proceeding with potentially expensive and time-consuming litigation, including class-related discovery, class certification and (possibly) providing class notice." *See* Doc. 24 at 12:18-21. Plaintiffs cannot explain their conflicting positions, nor have they demonstrated that the Court wrongly found that an immediate appeal would materially advance the ultimate termination of this action.

Finally, Plaintiffs argue that "Defendant's failure to give notice to the Attorney General under Fed. R. Civ. P. 5.1" in connection with its motion for judgment on the pleadings is a "particularly thorny issue" that weighs against recertification. This is a complete red herring.

Defendant's motion for judgment on the pleadings expressly did <u>not</u> challenge the constitutionality of the FDCPA. Defendant made it clear in its moving papers that it did "not argu[e] that the FDCPA is unconstitutional as it applies to its voice mail messages," and explicitly urged the Court to "interpret the FDCPA in a way that will not raise serious constitutional issues." *See* Doc. 14 at 8:26-27, 9:22-23. Thus, Rule 5.1 was not implicated by Defendant's motion, as it only requires a party whose motion "draw[s] into question the constitutionality" of a federal statute to notify the United States Attorney General of the constitutional question, to enable the Attorney General whether to intervene in the action. *See* Fed. R. Civ. P. 5.1(a).

### III.  CONCLUSION

The reasons that prompted the Court to certify the Order for interlocutory appeal under section 1292(b) in the first instance still exist, and thus recertificiation is appropriate here. *See Abraham*, 1991 WL 89133 at *1 (recertifying where "'the

previous justification for a certification continues to exist,'" quoting *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981)); *Jack v. Transworld Airlines, Inc.* 1993 WL 226096, *1 (N.D. Cal. 1993) (granting request to recertify where " the factors that prompted the initial certification are still in effect"). Further, recertification will advance the purposes of section 1292(b), by allowing the Ninth Circuit to resolve controlling questions of law about which there are substantial grounds for difference of opinion, and an immediate appeal will materially advance the ultimate termination of the litigation. For each of the foregoing reasons, Defendant respectfully requests that the Court issue an order recertifying its July 27, 2010 Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

DATED:  September 20, 2010    SIMMONDS & NARITA LLP
                              TOMIO B. NARITA
                              JEFFREY A. TOPOR


                              By:  s/Jeffrey A. Topor
                                   Jeffrey A. Topor
                                   Attorneys for Defendant
                                   ARS National Services, Inc.

# PROOF OF SERVICE

I, Jeffrey A. Topor, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816. I am counsel of record for the defendant in this action.

On September 20, 2010, I caused the **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECERTIFY ORDER GRANTING PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Robert E. Schroth, Jr.
robschrothesq@sbcglobal.net
Counsel for Plaintiffs

Philip D. Stern
pstern@philipstern.com
Counsel for Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 20th day of September, 2010.

By:   s/Jeffrey A. Topor
      Jeffrey A. Topor
      Attorneys for Defendant
      ARS National Services, Inc.

KOBY ET AL. V. ARS NATIONAL SERVICES, INC. ET AL. (CASE NO. 09 CV 0780 JAH JMA)
REPLY ISO DEFENDANT'S MOTION TO RECERTIFY ORDER GRANTING PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

8