UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. KOBY, an individual, et. al.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., a California Corporation, et. al.,<br><br>　　　　　　　　Defendants. | Civil No. 09cv0780 JAH (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO RECERTIFY ORDER GRANTING PERMISSION TO APPEAL [Doc. No. 28] AND DENY PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. No. 35]** |

Pending before the Court is Defendant's motion to recertify the order granting permission to appeal and Plaintiffs' "Motion to Modify Order to Reinstate Claim for Violation of 15 U.S.C. § 1692e(11)." The motions are fully briefed. After a thorough review of the parties' submissions, the Court GRANTS Defendant's motion to recertify and DENIES Plaintiff's motion to modify construed as a motion for reconsideration.

## BACKGROUND

Plaintiffs filed a complaint seeking relief for violations of Fair Debt Collection Practices Act on April 15, 2009, naming ARS National Services, Inc. and Does 1 through 25 as defendants. See Doc. No. 1. On May 20, 2009, Defendant filed a motion for judgment on the pleadings. See Doc. No. 6. The Court granted in part and denied in part the motion. The motion was granted as to the claim that the voice mail message left with Plaintiff Simmons violated section 1692e(11) of Title 15 of the United States Code and denied as to the remaining claims. See Doc. No. 19.

On July 21, 2010, the parties filed a joint motion to certify the Court's order for appeal which this Court granted by order filed July 27, 2010. See Doc. Nos. 24, 25. Defendant filed an appeal with the United States Court of Appeals for the Ninth Circuit on August 9, 2010, and later withdrew the petition.[1] See Doc. Nos. 26, 30.

On August 18, 2010, Defendant filed the pending motion to recertify the order for appeal. See 28. Plaintiff filed the pending motion to correct the Court's order and filed an opposition to Defendant's motion to recertify on September 13, 2010. See Doc. Nos. 35, 36.

Defendant filed its reply in support of its motion to recertify on September 20, 2010 and filed an opposition to Plaintiff's motion to correct the Court's order on October 4, 2010. See Doc. Nos. 27, 38. Plaintiff filed a reply in support of its motion to correct the Court's order on October 8, 2010. See Doc. No. 39. The motions were taken under submission without oral argument.

## DISCUSSION

### I. Plaintiff's Motion to Modify

Plaintiffs seeks an order modifying this Court's previous order granting in part Defendant's motion for judgment on the pleadings. Specifically, Plaintiffs seek an order reinstating the claim asserted by Plaintiff Simmons. Plaintiffs maintain their counsel became aware of a Ninth Circuit case which establishes the appropriate analysis with respect to whether Plaintiff Simmons message is a communication under the FDCPA. They maintain pursuant to this Ninth Circuit precedent and utilizing the purpose-and-context analysis discussed therein, the Simmons message was a communication because the message was left for a consumer by a debt collector and the purpose of the call was to collect a debt. Plaintiffs contend the late filing of Defendant's petition with the Ninth Circuit gives this Court the opportunity to re-analyze the issue prior to appellate review. Citing Romine v. Diversified Collection Servs., 155 F.3d 1142 (9th Cir. 1998), Plaintiffs

---

[1] Defendant maintains it withdrew the petition because it was one day late. See Topor Decl. ¶ 5 (Doc. No. 28-1).

request this Court modify its order and reinstate the claim brought on behalf of Plaintiff Simmons pursuant to a "purpose and context" analysis.

Defendant argues the motion to modify is untimely because it was filed six months after the order was filed, well beyond the 28 day deadline permitted by the local rule for seeking reconsideration of orders. Defendant further argues the motion is meritless because the three cases relied upon by Plaintiffs in support of their motion are irrelevant and not binding precedent.

In reply, Plaintiffs suggest the Court should reconsider its ruling in spite of the fact the motion was not timely filed. Plaintiffs also argue Romine is binding upon this Court.

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. However, "no motion or application for reconsideration shall be filed more than 28 days after the entry of the ruling, order or judgment sought to be reconsidered. CivLR 7.1.i.2. Plaintiffs' request filed almost six months after the order was filed is untimely.

Even if the Court addresses the merits of the request to modify its prior order, Plaintiffs' motion should be denied. Contrary to Plaintiffs' contention, the decision in Romine does not demonstrate this Court's prior ruling was in error. In Romine, the Ninth Circuit reversed the district court's dismissal of Western Union from the FDCPA action upon finding Western Union's conduct amounted to a direct or indirect attempt to collect a debt and therefore Western Union was a debt collector subject to the FDCPA. In the instant matter, the Court made a determination as to whether a message left by a debt collector was a "communication" under the FDCPA. As such, the Ninth Circuit's analysis and holding surrounding whether a defendant was a debt collector subject to the FDCPA is not directly relevant to the issue involved with the case at bar. Furthermore, although Romine does not require a "purpose and context" analysis as suggested by Plaintiffs, the

1  Court applied such an analysis when making its determination that the message left for
2  Plaintiff Simmons did not directly or indirectly convey information regarding a debt. See
3  Order at 4-5.

4  Plaintiffs also rely on the holding of Gburek v. Litton Loan Servicing LP, 614 F.3d
5  380 (7th Cir. 2010). Initially, the Court notes the case is not binding precedent as it is
6  from the Seventh Circuit. Additionally, it does not demonstrate this Court's previous
7  order was in error. In Gburek, the Seventh Circuit reversed the district court's ruling that
8  a letter sent by a debt collector that did not contain an explicit demand for payment was
9  not a communication made in connection with the collection of any debt under the
10 FDCPA. In reaching its decision, the court recognized that the FDCPA did not apply to
11 every communication between a debt collector and a debtor and the absence of a demand
12 for payment is just one of several factors in determining whether the communication falls
13 under the FDCPA. Id. at 384-85, 386. Looking to the context and content of the letters,
14 the court found the fact the plaintiff was in default on her mortgage, the letters offered to
15 discuss alternatives to foreclosure and asked for her financial information were sufficient
16 to bring the communications within the scope of the FDCPA. Id. at 386. As discussed
17 above, this Court did consider the context and content of the message in making its
18 determination, and specifically found the message left for Plaintiff Simmons included no
19 information regarding the debt and therefore was not a communication for purposes of the
20 FDCPA.

21 Finally, Plaintiffs' reliance on a district court order outside this Circuit is unavailing.
22 The court in Hutton v. C.B. Accounts, Inc., 2010 WL 3021904 (C.D.Ill. 2010),
23 specifically discussed and disagreed with this Court's reasoning in its order dismissing the
24 claim based upon the message left Plaintiff Simmons in determining a message similar to
25 the one left Plaintiff Simmons was a communication. Disagreement with this Court by
26 another district court outside this circuit is insufficient to support reconsideration of the
27 order.

28 Accordingly, Plaintiffs' motion for reconsideration styled as a motion to modify the

Court's order is DENIED.

## II. Defendant's Motion to Recertify

Defendant requests this Court recertify the order granting in part and denying in part Defendant's motion for judgment on the pleadings for immediate appeal pursuant to 28 U.S.C. section 1292(b). Defendant maintains the reasons that prompted the parties to jointly seek certification still exist and recertification will advance the purposes of section 1292(b). Specifically, Defendant argues the action involves questions of law about which there are substantial grounds for difference of opinion, and immediate appeal will advance the ultimate termination of the litigation. Defendant further maintains Plaintiffs previously agreed to certification, they will not be prejudiced by recertification and Defendant is not seeking to delay or harass Plaintiffs.

Plaintiffs oppose the motion. They argue there are no substantial grounds for difference of opinion and judicial economy will not be promoted by an immediate appeal. Plaintiffs maintain there is no dispute amongst the circuits and no bona fide dispute amongst the district courts, as only one court, the Western District of Oklahoma, found a voice mail message conveyed no information regarding a debt. Relying on the reasoning of <u>Hutton</u>, Plaintiffs maintain a message left for the purpose of attempting to collect in the context of a debt collector-consumer relationship is information regarding a debt and therefore a communication. As such, they argue there is no basis to conclude substantial grounds for difference of opinion. They further argue only a complete reversal of the Court's order would short circuit the case and complete reversal is unlikely given the weight of authority. So, an interlocutory appeal will likely delay resolution of this case and permitting the case to proceed in ordinary course will allow for a more complete record.

In reply, Defendant argues none of the cases cited by Plaintiff help them, in fact, they argue the cases confirm that substantial grounds for a difference of opinion exists. Defendant maintains allowing the Ninth Circuit to resolve the issues will bring guidance and clarity and will materially advance the litigation by possibly avoiding an expensive

class action.

28 U.S.C. § 1292(b)[2] permits a district judge to certify an issue for interlocutory appeal where the issue (1) involves a controlling question of law; (2) to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  Certification of interlocutory orders under Section 1292(b) requires exceptional circumstances to be present to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."   In re Cement Antitrust Litigation, 673 F.2d 1010, 1026 (9th Cir. 1982).

The parties do not dispute the fact the issue constitutes a controlling question of law.  A reversal of this Court's order as to whether the messages were communications subject to the FDCPA would materially affect the outcome of the litigation by possibly terminating all or portions of the litigation and, therefore, constitutes a controlling question of law.  See id.  Additionally, the lack of controlling precedent as to when a message qualifies as a "communication" subject to the provisions of the FDCPA and the various district court decisions[3] demonstrate substantial grounds for a difference of

---

[2] Section 1292(b) states, in its entirety:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation, he shall so state in writing in such order.  The Court of Appeal which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b)(emphasis in original).

[3] See Biggs v. Credit Collections, Inc., 2007 WL 4034997 (W.D.Okla.); Berg v. Merchants Ass'n Collection Div., Inc., 586 F.Supp.2d 1336 (S.D.Fla. 2008); Berlin v. Litton Loan Serving, LP, 2006 WL 1992410 (M.D.Fla. 2006); Foti v. NCO Fin. Sys., Inc., 424 F.Supp.2d 643 (S.D.N.Y. 2006); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104 (C.D.Cal. 2005).

opinion exists. Finally, the interlocutory appeal may materially advance the litigation in that a decision by the Ninth Circuit will likely simplify the issues to be tried and may determine the appropriateness of a class action or limit the class. The Court finds exceptional circumstances exist to support certification under section 1292(b). Accordingly, the motion is GRANTED. The Court further finds a stay of the proceedings pending the outcome of the appeal is appropriate.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion for reconsideration styled as a motion to modify the Court's order is **DENIED**;
2. Defendant's motion to recertify is **GRANTED**;
3. Further proceedings in this matter are **STAYED** pending the completion of the interlocutory review process in the Ninth Circuit.

DATED: December 22, 2010

JOHN A. HOUSTON
United States District Judge