1  MCGUIREWOODS LLP
2  Susan L. Germaise SBN #176595
   1800 Century Park East, 8th Floor
3  Los Angeles, CA 90067
   Telephone: 310.315.8200
4  Facsimile: 310.315.8210
5  sgermaise@mcguirewoods.com

6  Attorneys for ARS NATIONAL
7  SERVICES, INC., a California corporation

8

9

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13  MICHAEL P. KOBY, an individual;          CASE NO. 3:09-cv-00780-JAH (KSC)
14  MICHAEL SIMMONS, an individual,
    and JONATHAN W. SUPLER, an
15  individual; on behalf of themselves and   **NOTICE OF FILING OF**
    all others similarly situated,            **CLASS ACTION SETTLEMENT**
16                                            **AGREEMENT**

17              Plaintiffs,

18        vs.

19
20  ARS NATIONAL SERVICES, INC.,
    a California corporation; JOHN AND
21  JANE DOES 1 through 25, inclusive,

22              Defendants.

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL P. KOBY, an individual;
MICHAEL SIMMONS, an individual;
JONATHAN W. SUPLER, an individual; on
behalf of themselves and all others similarly
situated,

Plaintiffs,

vs.

ARS NATIONAL SERVICES, INC., a
California Corporation; and JOHN AND JANE
DOES 1 through 25 inclusive,

Defendants.

Case 3:09-cv-00780-JAH-KSC

**CLASS ACTION
SETTLEMENT AGREEMENT**

This Settlement Agreement is between the Plaintiffs, Michael P. Koby, Michael

Simmons, and Jonathan W. Supler, and Defendant, ARS National Services, Inc., who agree as

follows:

## ARTICLE I. DEFINITIONS

The following capitalized words have the designated meanings:

1.    "ACTION" means the civil action described in the case caption, above.

2.    "AGREEMENT" means this Class Action Settlement Agreement.

3.    "SETTLEMENT CLASS" means all natural persons in the United States who received a

telephonic voicemail message (automated or otherwise) from DEFENDANT in

connection with an attempt to collect a debt, in which the message allegedly failed to

identify DEFENDANT as the caller, to state the purpose or nature of the call, or to

disclose that the call was from a debt collector, during the period April 15, 2008 (one

- 1 -

year prior to the filing of this lawsuit) through August 19, 2011 (when DEFENDANT adopted a standardized uniform message for calls made to consumers). DEFENDANT estimates (and PLAINTIFFS do not dispute) that the class size is in excess of 4 million persons. Excluded from the SETTLEMENT CLASS are all officers, members, partners, managers, directors, and employees of DEFENDANT and their respective immediate families, and legal counsel for all parties to this ACTION and all members of their immediate families.

4.    "CLASS CLAIMS" are defined as any and all claims and causes of action arising under the FDCPA or any other federal or state law based upon DEFENDANT's failure, when leaving a telephonic voicemail message (automated or otherwise) in connection with an attempt to collect a debt, to identify DEFENDANT as the caller, to state the purpose or nature of the call, to disclose that the call was from a debt collector, or to otherwise comply with Sections1692d(6) and/or 1692e(11) of the FDCPA, during the period April 15, 2008 (one year prior to the filing of this lawsuit) through August 19, 2011 (when DEFENDANT adopted a standardized uniform message for calls made to consumers). Based on the foregoing definition, CLASS CLAIMS do not include claims arising under the Telecommunication Consumer Protection Act, 47 U.S.C. § 227.

5.    "CLASS COUNSEL" means Philip D. Stern, Esq. of Philip D. Stern & Associates, LLC and Robert E. Schroth, Jr., Esq. of Schroth & Schroth.

6.    "CLASS MEMBERS" means those natural persons who are members of the SETTLEMENT CLASS.

7.    "CLASS PERIOD" means the uninterrupted period of time commencing one-year immediately preceding the commencement of this ACTION (that is, April 15, 2008) up through and including August 19, 2011.

8.    "COMPLAINT" means the document filed in the ACTION on April 15, 2009.

9.    "COURT" means the United States District Court for the Southern District of California in which this ACTION is being heard.

10.    "DEFENDANT" means ARS National Services, Inc., a corporation formed under the laws of the State of California, and any of its predecessors, successors (including, without limitation, acquirers of any of the assets, stock, or other ownership interests of Defendant) and assigns; the past, present and future, direct and indirect, parents (including, without limitation, holding companies), subsidiaries, affiliates and associates of any of the above; and the past, present and future, direct and indirect, principals, trustees, partners, officers, directors, employees, agents, attorneys, insurers, vendors, shareholders, advisors, predecessors, successors (including, without limitation, acquirers of any of the assets, stock, or other ownership interests of any of the above), assignors, assignees, assigns, representatives, heirs, executors and administrators of any of the above.

11.    "EFFECTIVE DATE" means 14 days after the FINAL SETTLEMENT APPROVAL.

12.    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

13.    "FINAL APPROVAL ORDER" means an order entered by the COURT in the ACTION finally approving this AGREEMENT and resolving all issues between the PARTIES, substantially in the form attached hereto as Exhibit A.

14.   "FINAL FAIRNESS HEARING" means the hearing(s) at which the COURT will address whether to approve the settlement provided for in this AGREEMENT, enter the JUDGMENT and make such rulings as are contemplated by this AGREEMENT.

15.   "FINAL SETTLEMENT APPROVAL" means the date the Final Approval Order and Judgment becomes final for all purposes upon the occurrence of all of the following events without the prior termination of the Agreement:

(i)   the date of entry of the FINAL APPROVAL ORDER and the JUDGMENT in all material respects in the form of Exhibit A hereto; and

(ii)   either (a) the time to appeal, or to seek permission to appeal, the COURT's approval of the AGREEMENT and entry of the FINAL APPROVAL ORDER has expired with no appeal having been taken or permission to appeal having been sought; or (b) such approval and final judgment have been affirmed in their entirety by the court of last resort to which any appeal has been taken or petition for review has been presented, and such affirmance has become no longer subject to the possibility of further appeal or review.

16.   "PARTIES" means the PLAINTIFFS and DEFENDANT.

17.   "PLAINTIFFS" means the individuals who are named in the COMPLAINT as plaintiffs.

## ARTICLE II. BACKGROUND

18.   On April 15, 2009, PLAINTIFFS filed the ACTION as a putative class action lawsuit against DEFENDANT in the COURT alleging that DEFENDANT's telephonic voicemail messages (automated and otherwise) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and, in particular, Sections 1692d(6) and 1692e(11).

- 4 -

19. On March 29, 2010, the COURT entered an Order (Dkt. 19) granting in part and denying in part DEFENDANT's motion for judgment on the pleadings.

20. On December 23, 2010, the COURT entered an Order (Dkt. 42) granting DEFENDANT's motion to certify the March 29, 2010 order for interlocutory appeal, pursuant to 28 U.S.C. §1292(b).

21. On March 18, 2011, the Ninth Circuit Court of Appeals entered an Order (Dkt. 44) denying the petition for leave to appeal.

22. DEFENDANT represents that, effective August 19, 2011, DEFENDANT, without any admission of liability, adopted a single, uniform and consistent message for consumer calls (attached here as Exhibit B). PLAINTIFFS do not contend that the revised message violates the requirements of Sections 1692d(6) and 1692e(11) of the FDCPA.

23. The PARTIES acknowledge that no appellate court has decided the legal issues raised by the COMPLAINT and that the result of any appeal on those issues and on any other issue which could arise if this ACTION were contested is far from certain.

24. PLAINTIFFS recognize that there are risks from continued litigation including the risks that a disputed class certification could be denied, that the evidence admitted at trial would not satisfy the trier of fact, or that DEFENDANT could prove an affirmative defense. Therefore, PLAINTIFFS and CLASS COUNSEL conclude that the further conduct of this ACTION by them would be protracted and expensive, and that it is desirable that the ACTION be fully, finally and forever settled on the terms set forth in this AGREEMENT.

25. DEFENDANT also recognizes the risks and expense inherent in continued litigation, and, with the advice of defense counsel, concludes that the further conduct of this ACTION by

- 5 -

them would be protracted and expensive, and that it is desirable that the ACTION be fully, finally and forever settled on the terms set forth in this AGREEMENT. DEFENDANT is therefore willing to enter into this AGREEMENT to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by PLAINTIFFS and the CLASS arising out of the alleged statutory violations.

26. PLAINTIFFS and DEFENDANT, along with their respective counsel, have engaged in both formal and informal discovery of the facts relevant to both the merits of PLAINTIFFS' claims and the factors under Fed. R. Civ. P. 23. The PARTIES have further conducted two full-day settlement conferences under the guidance of the COURT.

27. CLASS COUNSEL has considerable experience in handling class actions, consumer protection cases and complex litigation. On behalf of PLAINTIFFS, CLASS COUNSEL analyzed the facts and law relevant to the ACTION, recognizes the substantial expense and delay associated with the continued prosecution of this ACTION against DEFENDANT through trial and through appeals, as well as the risks associated with continued litigation and that protracted litigation could likely increase reasonable attorney's fees and litigation expenses without materially advancing the interests of either the PLAINTIFFS or the CLASS MEMBERS beyond the benefits of this AGREEMENT. Therefore, PLAINTIFFS believe that the settlement on the terms set forth in this AGREEMENT is fair, adequate, and reasonable, and thus in the best interest of the CLASS.

28. Based on extensive analysis by DEFENDANT's counsel of the law and facts at issue in this ACTION, and pursuant to the advice of DEFENDANT's counsel, DEFENDANT

- 6 -

believes that this settlement on the terms set forth in this AGREEMENT is fair, adequate, and reasonable.

29. Consequently, the PARTIES are desirous of entering into this AGREEMENT, mindful that it is subject to approval by the COURT pursuant to Fed. R. Civ. P. 23 and that, if not approved by the COURT, this AGREEMENT will be deemed as if the PARTIES had never entered into this AGREEMENT.

### ARTICLE III.      TERMS AND CONDITIONS OF SETTLEMENT

30. The PARTIES and their respective counsel agree to support this settlement, to undertake all reasonable actions to assure the reasonably prompt implementation and enforcement of its terms, and to take no action inconsistent with such support.

31. PLAINTIFFS will seek to certify the defined SETTLEMENT CLASS pursuant to Fed.R.Civ.P. 23(b)(2). Solely for purposes of avoiding the expense and inconvenience of further litigation, DEFENDANT does not oppose the certification for settlement purposes only of the SETTLEMENT CLASS, provided that neither such certification for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of this AGREEMENT, shall be considered as a factor in connection with any class certification issue(s) if the AGREEMENT terminates, or if there is no JUDGMENT or FINAL APPROVAL ORDER.

32. DEFENDANT agrees to the entry of an injunction ("STIPULATED INJUNCTION"), to expire on its own terms no later than two years from the date of the FINAL APPROVAL ORDER and JUDGMENT, whereby DEFENDANT agrees to utilize a voicemail message for all consumer calls (automated and otherwise) identical or substantially similar to that attached here as Exhibit B; provided, however, that DEFENDANT may

- 7 -

seek to dissolve the STIPULATED INJUNCTION at any time if there is a change in the law or circumstances otherwise present a basis for doing so. Further, DEFENDANT does not waive and reserves the right to invoke the FDCPA's *bona fide* error defense in response to any claim alleging that DEFENDANT left a non-compliant message during the time the STIPULATED INJUNCTION remains in effect.

33. DEFENDANT agrees to pay, in the form of a *cy pres* award to a mutually acceptable organization, the amount of $35,000.00 (which the PARTIES agree is a fair approximation of the maximum class statutory damages recoverable under Section 1692k(a)(2)(B) of the FDCPA). If requested by the COURT, Defendant will provide documentation establishing its net worth for an *in camera* inspection. The PARTIES agree to work in good faith to identify an appropriate recipient, consistent with controlling case law. The PARTIES inability to agree on the recipient shall not be a failure of a material term of this AGREEMENT; instead, the PARTIES will agree to any procedure mandated by the COURT to determine the recipient.

34. The PARTIES agree that, notwithstanding this AGREEMENT, neither this AGREEMENT, the FINAL SETTLEMENT APPROVAL, nor the JUDGMENT affects the right, if any, of each CLASS MEMBER to assert, maintain or litigate any individual claim for actual and/or statutory damages, attorney's fees, and costs under the FDCPA or any other comparable federal or state law based upon having received a telephonic voicemail message (automated or otherwise) from DEFENDANT during the CLASS PERIOD, in connection with an attempt to collect a debt, in which the message allegedly failed to identify DEFENDANT as the caller, to state the purpose or nature of the call, to disclose that the call was from a debt collector, or to otherwise comply with

- 8 -

Sections1692d(6) and/or 1692e(11) of the FDCPA; provided, however, that the CLASS

MEMBERS shall be barred and enjoined from bringing, maintaining, prosecuting,

continuing or asserting such a claim under either federal or state law through a class

action or any other kind of mass action procedural device. DEFENDANT agrees that in

the event it seeks to assert this bar against any CLASS MEMBER, it shall first give

notice to CLASS COUNSEL and, further, shall not seek sanctions against or to hold the

CLASS MEMBER or the CLASS MEMBER'S attorney in contempt based on the

injunction described in this Paragraph; however, nothing in this Paragraph shall be

construed as prohibiting DEFENDANT from seeking any relief, including an

adjudication of contempt or sanctions, for any other reason.

35.     The PARTIES agree that because they will seek to certify a settlement class pursuant to

Fed.R.Civ.P. 23(b)(2), no notice (of any kind) to the CLASS MEMBERS will be required

(except as provided in Paragraph 36). The PARTIES agree that the cost of notice would

be excessive (based on the estimated size of the class) and the per-class member recovery

*de minimus* (given the FDCPA's one-percent of net worth cap on class statutory

damages). Further, the CLASS MEMBERS retain the ability to bring individual claims

for actual and/or statutory damages, attorney's fees, and costs and, thus, are not releasing

any substantive or property right.

36.     DEFENDANT shall timely serve the notice required under the Class Action Fairness Act,

28 U.S.C. § 1715(b) (the "CAFA notice"), on the "appropriate Federal official" and the

"appropriate State official" (as those terms are defined in 28 U.S.C. § 1715) in each of

the fifty States, and shall bear all expense associated therewith. The first page of the

CAFA notice shall, in bold text or other prominent form, state that the COURT'S

- 9 -

approval of this AGREEMENT will result in the CLASS MEMBERS being barred and

enjoined from bringing, maintaining, prosecuting, continuing or asserting any of the

CLASS CLAIMS subject to this AGREEMENT, under either federal or state law,

through a class action or any other kind of mass action procedural device.  At the same

time, DEFENDANT shall give notice to any CLASS MEMBER who has a pending

lawsuit asserting the same CLASS CLAIMS that are subject to this AGREEMENT.

DEFENDANT shall promptly provide a copy of such notice to CLASS COUNSEL.

37.   DEFENDANT agrees to pay each of the PLAINTIFFS the sum of $1,000.00 (for a total

of $3,000.00) in satisfaction of their individual claims, including all claims for actual,

statutory, or punitive damages, injunctive or equitable relief.

38.   DEFENDANT agrees to pay reasonable attorneys' fees and costs in the amount of

$67,500.00 and agrees not to oppose CLASS COUNSEL'S fee petition in that amount.

DEFENDANT shall have no further responsibility or liability for attorneys' fees and

costs beyond this amount stated herein.  CLASS COUNSEL will accept the amount of

fees and expenses awarded by the COURT in full satisfaction of reasonable attorney's

fees and costs and will neither assert a charging or retaining lien nor request additional

fees from DEFENDANT, PLAINTIFFS, or any CLASS MEMBER.  Any fee and

expense application, any fee and expense award, and any and all matters related thereto,

is not to be considered an integrated part of the settlement, and is to be considered by the

COURT separately from the COURT's consideration of the fairness, reasonableness, and

adequacy of the settlement, and will not operate to terminate or cancel this

AGREEMENT, and will not affect or delay the finality of the FINAL ORDER.

- 10 -

39. Any CLASS MEMBER or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than CLASS COUNSEL, will be paid by the CLASS MEMBER or other person.

40. The PARTIES agree to jointly petition the COURT for an order granting final approval of this settlement and entering final judgment in the ACTION, substantially in the form attached hereto as Exhibit A.

41. The obligation of the PARTIES to support the settlement is expressly conditioned upon the COURT's entry of the FINAL APPROVAL ORDER and that such obligations are for purposes of this AGREEMENT only. If the PARTIES' application for the FINAL APPROVAL ORDER is denied either by the COURT or after all appeals are exhausted, such support is without prejudice to any status quo ante claims, defenses, rights, or positions in this ACTION. Furthermore, if any of the following enumerated events occur, the FINAL APPROVAL ORDER including, but not limited to, certification of the CLASS and all findings of fact and conclusions of law in the FINAL APPROVAL ORDER shall be automatically dissolved without further order of the COURT, null and void and of no force and effect, and, as of earliest date on which a PARTY signed this AGREEMENT, all status quo ante rights of PLAINTIFFS, DEFENDANT and the CLASS MEMBERS to, among other things, pursue or oppose any effort to certify this action or any other subsequently filed or reinstated class action litigation as a class action, and all other claims, defenses, rights, and positions shall in all respects be unaffected, and the FINAL APPROVAL ORDER shall so provide:

   a. this AGREEMENT is not approved by the COURT,

- 11 -

b.  approval of this AGREEMENT, including the entry of the FINAL

APPROVAL ORDER, is reversed or modified on appeal in a manner materially

inconsistent with this AGREEMENT (except for the modification of any

attorney's fee award), or

c.  any one of the conditions set forth in ARTICLE V of this

AGREEMENT is not met.

42.  No later than the EFFECTIVE DATE, DEFENDANT will deliver to CLASS

COUNSEL payment of the *cy pres* award, the payment to PLAINTIFFS, and the awarded

attorney's fees and expenses, to the order of "Philip D. Stern Attorney Trust Account."

CLASS COUNSEL will promptly deposit those funds into that attorney trust account.

Upon delivery of such funds, DEFENDANT shall have fulfilled all financial obligations

under the FINAL APPROVAL ORDER. Within seven days after the payment clears the

Philip D. Stern Attorney Trust Account, CLASS COUNSEL will distribute the funds in

accordance with the FINAL APPROVAL ORDER. CLASS COUNSEL will send a copy

of the transmittal letter distributing the cy pres award to DEFENDANT's counsel.

## ARTICLE IV.  RELEASES.

43.  The CLASS MEMBERS shall retain the right to bring individual actions for actual and/or

statutory damages under the FDCPA or any other comparable federal or state law based

upon having received a telephonic voicemail message (automated or otherwise) from

DEFENDANT during the CLASS PERIOD, in connection with an attempt to collect a

debt, in which the message allegedly failed to identify DEFENDANT as the caller, to

state the purpose or nature of the call, to disclose that the call was from a debt collector,

or to otherwise comply with Sections1692d(6) and/or 1692e(11) of the FDCPA;

- 12 -

provided, however, that the CLASS MEMBERS shall be barred and enjoined from bringing, maintaining, prosecuting, continuing or asserting such a claim under either federal or state law through a class action or any other kind of mass action procedural device.

44.    As of the date this AGREEMENT is signed by the PLAINTIFFS, their assigns, heirs, predecessors, successors, subsidiaries, affiliates, officers, directors, partners, members, principals, employees, agents, attorneys and personal representatives, or any other person, company or entity asserting an interest by or through them, do hereby release and forever discharge the DEFENDANT of and from all causes of action, suits, claims and demands of every nature and description whatsoever, actual or potential, asserted or unasserted, known or unknown, suspected or unsuspected, foreseen or unforeseen, whether in law or in equity, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, relating to or arising out of the claims asserted or which could have been asserted in the ACTION. This Release constitutes a waiver of Section 1542 of the California Civil Code (and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any other jurisdiction, and any principle of common law or equity), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

PLAINTIFFS understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment,

- 13 -

PLAINTIFFS acknowledge that they are aware that they may hereafter discover facts other than, in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the ACTION or the settlement, and that they fully, finally and forever release and discharge their claims and, in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such other, additional or different facts.

### ARTICLE V. REPRESENTATIONS AND WARRANTIES.

45.     CLASS COUNSEL represent and warrant that they believe the settlement set forth in this AGREEMENT is in the best interest of the SETTLEMENT CLASS. However, such representations do not constitute the giving of legal advice to DEFENDANT which stipulates that it is relying on the legal advice of its own attorneys in deciding whether to enter into this settlement.

46.     PLAINTIFFS represent and warrant as follows:

        a.      that on the date of execution of this AGREEMENT they are the owners of the individual claims asserted in the ACTION, they have not assigned, pledged (except to the extent that their attorney may have a lien), sold or otherwise transferred such claims (or an interest in such claims), and that on the EFFECTIVE DATE, they will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

        b.      that this AGREEMENT does not constitute an admission by DEFENDANT that any claim or fact alleged by any party in the ACTION or any other action is true or correct, and DEFENDANT has always and consistently expressly denied

- 14 -

any liability or wrongdoing whatsoever in connection with matters which are the subject of this or any other action.

47. DEFENDANT represents and warrants that the information supplied to CLASS COUNSEL concerning class size, net worth and DEFENDANT's current practices regarding telephone messages left in connection with the collection of debts is true and accurate and based on a reasonably diligent investigation and review of DEFENDANT's books, records and written policies.

## ARTICLE V.        CONDITIONS TO SETTLEMENT.

48. This AGREEMENT is subject to:

    a.        the accuracy of the representations and warranties contained in this AGREEMENT;

    b.        the performance by the PARTIES of their obligations under this AGREEMENT in all material respects;

    c.        the COURT's certification that this ACTION may proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2); and

    d.        the COURT's approval of this AGREEMENT as fair, adequate and reasonable.

## ARTICLE VI.        MISCELLANEOUS PROVISIONS.

49. If an appeal is taken by a CLASS MEMBER or any other person from the FINAL APPROVAL ORDER, PLAINTIFFS and DEFENDANT agree to support the position on such appeal that the FINAL APPROVAL ORDER should be affirmed in its entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of PLAINTIFFS, CLASS

- 15 -

COUNSEL, or DEFENDANT to appeal from any order of the COURT that is inconsistent with the order contemplated by this AGREEMENT.

50. This AGREEMENT shall be terminable by PLAINTIFFS or DEFENDANT upon five days' prior written notice to the other if any of the terms, conditions, or representations of this AGREEMENT are not adhered to by the COURT.

51. The PARTIES and their attorneys stipulate that this AGREEMENT is a compromise of disputed claims, and that this AGREEMENT is entered into without DEFENDANT admitting any liability, which liability is expressly denied. The PARTIES and their attorneys further stipulate that nothing contained in this AGREEMENT, the supporting documents, or the negotiations leading up to this AGREEMENT are to be construed as an admission of liability or wrongdoing of any kind, or – if this AGREEMENT is terminated – as a waiver of any claim or defense that DEFENDANT or PLAINTIFFS may have in the ACTION, nor of PLAINTIFFS' right to seek class certification on a contested basis, nor of DEFENDANT's right to oppose such certification.

52. This AGREEMENT is the entire agreement of the PARTIES. All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this AGREEMENT are intended to be discharged and nullified.

53. No modification of this AGREEMENT may be made, except by written agreement executed by PLAINTIFFS, CLASS COUNSEL, and DEFENDANT, and approved by the COURT.

- 16 -

54. The PLAINTIFFS and DEFENDANT shall be deemed to have drafted this AGREEMENT equally, and the settlement documents shall not be construed strictly against PLAINTIFFS or DEFENDANT.

55. All notices between and to CLASS COUNSEL and DEFENDANT required under this AGREEMENT shall be sent by first class U.S. mail, by any method for which there is a signed receipt obtained from the recipient by a carrier in the business of delivering documents (such as the U.S. Post Office, Federal Express and United Parcel Service), or by hand delivery to the recipient designated in this AGREEMENT, with a courtesy copy sent by email. The timeliness of all submissions and notices shall be measured by the date that is either three BUSINESS DAYS after the date of the postmark (if sent by mail) or by the date of receipt (if hand delivered or there is a signed receipt), regardless when or whether the copy sent via email is received. The persons designated to receive notice are as follows:

> PHILIP D. STERN, ESQ.
> Philip D. Stern & Associates LLC
> 697 Valley Street, Suite 2D
> Maplewood, NJ 07040
> (973) 379-7500
> pstern@philipstern.com
> Attorney for PLAINTIFFS
>
> and:
>
> DAVID L. HARTSELL, ESQ.
> McGuireWoods LLP
> 77 West Wacker Dr., Ste. 4100
> Chicago, Illinois 60601
> (312) 849-8100
> dhartsell@mcguirewoods.com
> Attorney for DEFENDANT

56.     This AGREEMENT shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of California without regard to any conflict of law provision that might otherwise require the application of the laws of a jurisdiction other than the State of California to the performance, validity, construction, or enforcement of this AGREEMENT.

57.     Article and Paragraph headings in this AGREEMENT are for convenience of reference only and are not to be taken to be a part of the provisions of this AGREEMENT, nor to control or affect meanings, constructions or the effect of the same.

58.     The AGREEMENT is binding upon and inures to the benefit of the PARTIES.

59.     All signatories to this AGREEMENT and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this AGREEMENT.

60.     This AGREEMENT may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same AGREEMENT. Facsimile signatures will be deemed originals.

SIGNATURE PAGE

MICHAEL P. KOBY
Dated: January _____, 2013


MICHAEL SIMMONS

Dated: January_____, 2013


ARS NATIONAL SERVICES, INC.

By: DANIEL LMONTEIARO VICE PRESIDENT
(PRINT NAME AND TITLE BELOW SIGNATURE)
Dated: January 30 , 2013

- 18 -

56.     This AGREEMENT shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of California without regard to any conflict of law provision that might otherwise require the application of the laws of a jurisdiction other than the State of California to the performance, validity, construction, or enforcement of this AGREEMENT.

57.     Article and Paragraph headings in this AGREEMENT are for convenience of reference only and are not to be taken to be a part of the provisions of this AGREEMENT, nor to control or affect meanings, constructions or the effect of the same.

58.     The AGREEMENT is binding upon and inures to the benefit of the PARTIES.

59.     All signatories to this AGREEMENT and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this AGREEMENT.

60.     This AGREEMENT may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same AGREEMENT. Facsimile signatures will be deemed originals.

SIGNATURE PAGE

_____
MICHAEL P. KOBY
Dated: January **31**, 2013

ARS NATIONAL SERVICES, INC.

_____
MICHAEL SIMMONS

Dated: January_____, 2013

By: _____
(PRINT NAME AND TITLE BELOW SIGNATURE)
Dated: January _____, 2013

_____

_____

- 18 -

56.   This AGREEMENT shall be governed by and shall be construed and enforced in
      accordance with the laws of the United States and the State of California without regard
      to any conflict of law provision that might otherwise require the application of the laws
      of a jurisdiction other than the State of California to the performance, validity,
      construction, or enforcement of this AGREEMENT.

57.   Article and Paragraph headings in this AGREEMENT are for convenience of reference
      only and are not to be taken to be a part of the provisions of this AGREEMENT, nor to
      control or affect meanings, constructions or the effect of the same.

58.   The AGREEMENT is binding upon and inures to the benefit of the PARTIES.

59.   All signatories to this AGREEMENT and their counsel shall exercise their best efforts to
      take all steps and expend all efforts that may become necessary to effectuate this
      AGREEMENT.

60.   This AGREEMENT may be executed in any number of counterparts and each of which
      when so executed shall be deemed an original and all of which taken together shall
      constitute one and the same AGREEMENT. Facsimile signatures will be deemed
      originals.

SIGNATURE PAGE


MICHAEL P. KOBY                          ARS NATIONAL SERVICES, INC.
Dated: January ____, 2013


MICHAEL SIMMONS                          By: _____
                                         (PRINT NAME AND TITLE BELOW
                                         SIGNATURE)
Dated: January 30, 2013                  Dated: January ____, 2013


- 18 -

Michael P. Koby, et al. v. ARS National Services, Inc.
Case 3:09-cv-00780-JAH-KSC

JONATHAN W. SUPLER
Dated: January _____, 2013

Attorneys for PLAINTIFFS:                    Attorneys for DEFENDANT:

By: _____ FOR _____            By: _____
PHILIP D. STERN                             DAVID L. HARTSELL
Philip D. Stern & Associates, LLC           McGuireWoods LLP
697 Valley Street, Suite 2d                 77 West Wacker Dr., Ste. 4100
Maplewood, NJ 07040                         Chicago, IL 60601
Dated: January 30, 2013                     Dated: January 30, 2013

45374267_1.DOCX

- 19 -

JONATHAN W. SUPLER
Dated: ~~January XXXX XXXX~~ February 7, 2013

Attorneys for PLAINTIFFS:

By: _(signature) For_
PHILIP D. STERN
Philip D. Stern & Associates, LLC
697 Valley Street, Suite 2d
Maplewood, NJ 07040
Dated: January _30th_, 2013

45374267_1.DOCX

Attorneys for DEFENDANT:

By: _(signature)_
DAVID L. HARTSELL
McGuireWoods LLP
77 West Wacker Dr., Ste. 4100
Chicago, IL 60601
Dated: January _30_, 2013

- 19 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL P. KOBY, an individual;
MICHAEL SIMMONS, an individual;
JONATHAN W. SUPLER, an individual; on
behalf of themselves and all others similarly
situated,

Plaintiffs,

vs.

ARS NATIONAL SERVICES, INC., a
California Corporation; and JOHN AND JANE
DOES 1 through 25 inclusive,

Defendants.

Case 3:09-cv-00780-KSC

**[PROPOSED] FINAL APPROVAL
ORDER AND JUDGMENT**

This matter coming before the Court on the parties' Motion for Final Approval of the

Proposed Class Action Settlement Agreement and the entry of Judgment thereon, all parties

present and having been heard, and the Court being fully advised in the premises,

IT IS ORDERED, ADJUDGED AND DECREED:

1.     The Court hereby certifies, pursuant to Fed.R.Civ.P. 23(b)(2), a "SETTLEMENT

       CLASS" of all natural persons in the United States who received a telephonic voicemail

       message (automated or otherwise) from DEFENDANT in connection with an attempt to

       collect a debt, in which the message allegedly failed to identify DEFENDANT as the

       caller, to state the purpose or nature of the call, or to disclose that the call was from a debt

       collector, during the period April 15, 2008 (one year prior to the filing of this lawsuit)

       through August 19, 2011 (when DEFENDANT adopted a standardized uniform message

       for calls made to consumers).  DEFENDANT estimates (and PLAINTIFFS do not

       dispute) that the class size is in excess of 4 million persons.  Excluded from the

- 1 -

"A"

SETTLEMENT CLASS are all officers, members, partners, managers, directors, and employees of DEFENDANT and their respective immediate families, and legal counsel for all parties to this ACTION and all members of their immediate families.

2.      The "CLASS CLAIMS" are defined as any and all claims and causes of action arising under the FDCPA or any other federal or state law based upon DEFENDANT's failure, when leaving a telephonic voicemail message (automated or otherwise) in connection with an attempt to collect a debt, to identify DEFENDANT as the caller, to state the purpose or nature of the call, to disclose that the call was from a debt collector, or to otherwise comply with Sections1692d(6) and/or 1692e(11) of the FDCPA, during the period April 15, 2008 (one year prior to the filing of this lawsuit) through August 19, 2011 (when DEFENDANT adopted a standardized uniform message for calls made to consumers). Based on the foregoing definition, CLASS CLAIMS do not include claims arising under the Telecommunications Consumer Protection Act, 47 U.S.C. 227

3.      The Court appoints Philip D. Stern, Esq. of Philip D. Stern & Associates, LLC and Robert E. Schroth, Jr., Esq. of Schroth & Schroth as CLASS COUNSEL and finds that they will fairly and adequately represent the interests of the SETTLEMENT CLASS.

4.      The Court appoints Michael Koby, Michael Simmons, and Jonathan Supler ("PLAINTIFFS") as the class representatives and finds that they will fairly and adequately represent the interests of the SETTLEMENT CLASS.

5.      The Court finds that the applicable requirements of the Class Action Fairness Act have been met.

6.      The Court finds that the SETTLEMENT is fair, adequate and reasonable to the SETTLMENT CLASS.

7.   The Court finds that the SETTLEMENT should be, and is, approved.

8.   Pursuant to the terms of the SETTLEMENT, DEFENDANT shall pay the sum of
     $35,000 (Thirty Five Thousand Dollars) as a cy pres award to the following
     organization(s): _____.

9.   Pursuant to the terms of the SETTLEMENT, DEFENDANT shall pay $1000 (One
     Thousand Dollars) to each of the PLAINTIFFS (for a total of $3000).

10.  Pursuant to the terms of the SETTLEMENT, DEFENDANT shall pay to CLASS
     COUNSEL attorney's fees and costs in the amount of $67,500 (Sixty-seven Thousand
     and Five Hundred Dollars).

11.  The Court hereby enters an injunction ("STIPULATED INJUNCTION"), to expire on its
     own terms no later than two years from the date of the FINAL APPROVAL ORDER and
     JUDGMENT, whereby DEFENDANT shall utilize a voicemail message for all consumer
     calls (automated and otherwise) identical or substantially similar to that attached here as
     Exhibit A; provided, however, that DEFENDANT may seek to dissolve the
     STIPULATED INJUNCTION at any time if there is a change in the law or circumstances
     otherwise present a basis for doing so.  Further, DEFENDANT does not waive and
     reserves the right to invoke the FDCPA's *bona fide* error defense in response to any
     claim alleging that DEFENDANT left a non-compliant message during the time the
     STIPULATED INJUNCTION remains in effect.

12.  Nothing in this FINAL APPROVAL ORDER affects the right, if any, of each CLASS
     MEMBER to assert, maintain or litigate any individual claim for actual and/or statutory
     damages, attorney's fees, and costs under the FDCPA or any other comparable federal or
     state law based upon having received a telephonic voicemail message (automated or

- 3 -

otherwise) from DEFENDANT during the CLASS PERIOD, in connection with an attempt to collect a debt, in which the message allegedly failed to identify DEFENDANT as the caller, to state the purpose or nature of the call, to disclose that the call was from a debt collector, or to otherwise comply with Sections1692d(6) and/or 1692e(11) of the FDCPA; provided, however, that the CLASS MEMBERS shall be barred and enjoined from bringing, maintaining, prosecuting, continuing or asserting such a claim under either federal or state law through a class action or any other kind of mass action procedural device. DEFENDANT agrees that in the event it seeks to assert this bar against any CLASS MEMBER, it shall first give notice to CLASS COUNSEL and, further, shall not seek sanctions against or to hold the CLASS MEMBER or the CLASS MEMBER's attorney in contempt based on the injunction described in this Paragraph; however, nothing in this Paragraph shall be construed as prohibiting DEFENDANT from seeking any relief, including an adjudication of contempt or sanctions, for any other reason.

13. The Court finds that notice to CLASS MEMBERS is not required under Fed.R.Civ.P. 23(b)(2) because: (1) the relief being obtained is primarily injunctive rather than monetary: (2) the cost of notice would be excessive (based on the estimated size of the class) and the per-class member recovery *de minimus* (given the FDCPA's one-percent of net worth cap on class statutory damages); and (3) the CLASS MEMBERS retain the ability to bring individual claims for actual and/or statutory damages, attorney's fees, and costs and, thus, are not releasing any substantive or property right.

14. The PLAINTIFF's individual claims are hereby dismissed with prejudice.

15.   The Court retains jurisdiction of all matters relating to enforcement of this FINAL

      APPROVAL ORDER AND JUDGMENT and all other matters relating to the

      SETTLEMENT.

Dated: January _____, 2013

                                    _____
                                    Honorable Karen S. Crawford
                                    United States Magistrate Judge
                                    United States District Court
                                    for the Southern District of California

45420112_1

**ARS Customer Voicemail Message Script**

This message is for (Customer First/Last Name).   If you are not (Customer First/Last Name), please stop listening to this message. If you are (Customer First/Last Name), only listen to the following information in private.   There will now be a pause.
**(Pause for 3 seconds)**

This is (AR First/Last Name) from ARS National Services, a debt collector, with an attempt to collect a debt. Any information obtained will be used for that purpose.  Please call me at (800) 456-5053, Ext XXXX and reference #XXXXXXXX. Thank you.

"B"

# **CERTIFICATE OF SERVICE**

I, Susan L. Germaise, certify that on February 12, 2013, the foregoing **Notice of Filing of Class Action Settlement Agreement** was filed electronically in the Court's Electronic Filing System ("ECF"); thereby upon completion, the ECF system automatically generated a "Notice of Electronic Filing ["NEF"] as service through CM/ECF to registered email addresses to parties of record in the case, in particular on the following:

*Attorneys for Plaintiffs Michael P. Koby, an individual; Michael Simmons, an individual; Jonathan W. Supler, an individual; and on behalf of themselves and all others similarly situated:*

> Philip D. Stern
> Philip D. Stern & Associates, LLC
> 697 Valley Street, Suite 2D
> Maplewood, NJ 07040-2642
> Tel: (973) 379-7500; Fax: (973) 532-0866
> Email: pstern@philipstern.com
>
> Robert E Schroth , Jr
> Schroth & Schroth
> 2044 First Avenue, Suite 200
> San Diego, CA 92101
> Tel: (619) 233-7521; Fax: (619) 233-4516
> Email: robschrothesq@sbcglobal.net

*Co-counsel for Defendant ARS National Services, Inc.:*
> Jeffrey Alan Topor, Esq.
> Tomio B. Narita, Esq.
> Simmonds and Narita LLP
> 44 Montgomery Street, Suite 3010
> San Francisco, CA  94104
> Tel: (415) 283-1010; Fax: 415-352-2625
> Email: jtopor@snllp.com
> Email: tnarita@snllp.com

/s/ Susan L. Germaise
Susan L. Germaise