1  Robert E. Schroth Jr. (Cal. SBN 212936)
**SCHROTH SCHROTH & MADIGAN**
2  3200 Fourth Avenue, Suite 101
San Diego, CA 92103
3  Telephone: (619) 233-7521

4
Philip D. Stern (N.J. SBN 045921984)
5  Andrew T. Thomasson (N.J. SBN 048362011)
**STERN•THOMASSON LLP**
6  150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
7  Telephone: (973) 379-7500

8

9  *Attorneys for Plaintiffs, Michael P. Koby, Michael*
*Simmons, Jonathan W. Supler, Donald Nappi, and all*
10  *others similarly situated*

11

12  **UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
13

14  MICHAEL P. KOBY, an individual;          )          CASE NO.:  3:09-cv-00780-KSC
15  MICHAEL SIMMONS, an individual;          )
JONATHAN W. SUPLER, an individual;        )
16  DONALD NAPPI, an individual; on behalf of )
themselves and all others similarly situated, )
17                                          )
Plaintiffs,        )
18                                          )          **FIRST AMENDED CLASS ACTION**
                                          )          **COMPLAINT AND DEMAND FOR**
19  vs.                                     )          **JURY TRIAL**
                                          )
20  ARS NATIONAL SERVICES, INC., a          )
California Corporation; and JOHN AND JANE )
21  DOES 1 through 25 inclusive,             )
                                          )
22  Defendants.        )
                                          )
23  _____ )

24         Plaintiffs, MICHAEL P. KOBY ("KOBY"), MICHAEL SIMMONS ("SIMMONS"),

25  JONATHAN W. SUPLER ("SUPLER"), and DONALD NAPPI ("NAPPI") (collectively,

26  "Plaintiffs") on behalf of themselves and all others similarly situated, by way of this Amended

27  Complaint against the Defendants, say:

28

_____

# I. PARTIES

1.     KOBY is a natural person.

2.     At all times relevant to this complaint, KOBY is a citizen of Texas and resided in the City of Katy, Harris County, Texas.

3.     SIMMONS is a natural person.

4.     At all times relevant to this complaint, SIMMONS is a citizen of Washington and resided in the City of Monroe, Snohomish County, Washington.

5.     SUPLER is a natural person.

6.     At all times relevant to this complaint, SUPLER is a citizen of North Carolina and resided in the City of Raleigh, Wake County, North Carolina.

7.     NAPPI is a natural person.

8.     At all times relevant to this complaint, NAPPI is a citizen of Florida and resided in the City of Deerfield Beach, Broward County, Florida.

9.     At all times relevant to this complaint, ARS NATIONAL SERVICES, INC. ("ARS") is a for-profit corporation existing pursuant to the laws of the State of California. ARS maintains its principal business address at 201 West Grand Avenue, City of Escondido, San Diego County, California.

10.     Defendants, JOHN AND JANE DOES 1 through 25 inclusive, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

# II. JURISDICTION & VENUE

11.     With respect to Plaintiffs' claims under the FDCPA, jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.     Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

13.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

FIRST AMENDED CLASS ACTION COMPLAINT

14.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because all the Defendants reside in the State of California within the meaning of 28 U.S.C. § 1391(b) and (c).

## III.  PRELIMINARY STATEMENT

15.     Plaintiffs, on their own behalf and on behalf of the class they seek to represent, and demanding a trial by jury, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, the Texas Debt Collection Practices Act, Tex. Fin. Code § 392, *et seq.* ("TDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA").

16.     Such practices include, *inter alia*:

    (a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendants' identity;

    (b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

    (c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an   attempt to collect a debt);

    (d)     Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means to obtain information concerning a consumer and

    (e)     Making false, deceptive, and misleading statements, which conduct can reasonably be expected to abuse or harass the debtor or any

-3-

FIRST AMENDED CLASS ACTION COMPLAINT

3:09-cv-00780-KSC

member of her or his family.

17.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

18.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated debtor." *Baker v. G.C. Services Corp*., 677 F.2d 775, 778 (9th Cir. 1982).

19.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

20.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and

1  the failure to disclose in subsequent oral communications with consumers that the communication

2  is from a debt collector, 15 U.S.C. § 1692e(11).

3      21.    The RFDCPA regulates collection agencies and original creditors attempting to

4  collect debts on their own behalf. The California legislature has determined that the banking and

5  credit system and grantors of credit to consumers are dependent upon the collection of just and

6  owing debts and that unfair or deceptive collection practices undermine the public confidence that

7  is essential to the continued functioning of the banking and credit system and sound extensions of

8  credit to consumers. The California legislature has further determined that there is a need to

9  ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for

10  the debtor's rights and that debt collectors must be prohibited from engaging in unfair or

11  deceptive acts or practices.

12      22.    The TDCPA, like the FDCPA, prohibits debt collectors from using deceptive,

13  coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a

14  consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed.

15  Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCPA and deceptive

16  practices Acts).

17      23.    The FCCPA, like the FDCPA, prohibits debt collectors from using deceptive,

18  coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a

19  consumer debt.

20      24.    A Debt Collector means any person who uses any instrumentality of commerce

21  within this state, whether initiated from within or outside this state, in any business the principal

22  purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly

23  or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector"

24  includes any creditor who, in the process of collecting her or his own debts, uses any name other

25  than her or his own which would indicate that a third person is collecting or attempting to collect

26  such debts. Fla. Stat. § 559.55(6).

27      25.    To prohibit deceptive practices, the FCCPA, at Fla. Stat. § 559.72(7), prohibits Debt

1   Collectors from willfully communicating with the debtor or any member of her or his family with

2   such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully

3   engage in other conduct which can reasonably be expected to abuse or harass the debtor or any

4   member of her or his family.

5       26.     A person who suffers injury, loss, or damage, or from whom money was collected

6   by the use of a method, act, or practice in violation of the FCCPA may bring an action for actual

7   damages and for additional statutory damages of up to $1,000, together with court costs and

8   reasonable attorney's fees incurred by the plaintiff. The court may also award punitive damages

9   and may provide such equitable relief as it deems necessary or proper, including enjoining the

10  defendant from further violations of the FCCPA. Fla. Stat. § 559.77(1),(2).

11      27.     The Plaintiffs, on behalf of themselves and all others similarly situated, seek

12  statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed

13  appropriate by this Court, pursuant to the FDCPA, RFDCPA, TDCPA, and FCCPA. The

14  Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class

15  members be awarded statutory, common law, or actual damages payable by the Defendants.

16      28.     This case involves money, property, or other equivalent, due or owing or alleged

17  to be due or owing from natural persons by reason of consumer credit transactions.  As such, this

18  action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal.

19  Civ. Code § 1788.2(f).

20      29.     This case involves an obligation, or an alleged obligation, primarily for personal,

21  family, or household purposes, and arising from a transaction or alleged transaction. As such, this

22  action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

23      30.     This case involves an obligation or alleged obligation of a consumer to pay money

24  arising out of a transaction in which the money, property, insurance, or services which are the

25  subject of the transaction are primarily for personal, family, or household purposes. As such, this

26  action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by

27  Fla. Stat. § 559.55(1).

FIRST AMENDED CLASS ACTION COMPLAINT

1

### IV.  FACTS REGARDING KOBY

2      31.      KOBY is informed and believes, and on that basis alleges, that sometime prior to

3   September 2008 he allegedly incurred a financial obligation to Capital One Bank (USA), N.A.

4   arising out of a transaction in which the money, property, insurance, or services which are the

5   subject of the transaction are primarily for personal, family, or household purposes and defaulted

6   on that obligation ("Koby Obligation").

7      32.      KOBY is informed and believes, and on that basis alleges, that sometime prior to

8   September 2008, the creditor of the Koby Obligation either directly or through intermediate

9   transactions assigned, placed, transferred, or sold the debt to ARS for collection.

10

### V.  FACTS REGARDING SIMMONS

11      33.      SIMMONS is informed and believes, and on that basis alleges, that sometime prior

12   to April 2009 he allegedly incurred a financial obligation arising out of a transaction in which the

13   money, property, insurance, or services which are the subject of the transaction are primarily for

14   personal, family, or household purposes and defaulted on that obligation ("Simmons

15   Obligation").

16      34.      SIMMONS is informed and believes, and on that basis alleges, that sometime prior

17   to April 2009, the creditor of the Simmons Obligation either directly or through intermediate

18   transactions assigned, placed, transferred, or sold the debt to ARS for collection.

19      35.      To date, SIMMONS has not received any written communications from ARS.

20

### VI.  FACTS REGARDING SUPLER

21      36.      SUPLER is informed and believes, and on that basis alleges, that sometime prior

22   to December 2008 he allegedly incurred a financial obligation to Chase Bank USA, N.A. arising

23   out of a transaction in which the money, property, insurance, or services which are the subject of

24   the transaction are primarily for personal, family, or household purposes and defaulted on that

25   obligation ("Supler Obligation").

26      37.      SUPLER is informed and believes, and on that basis alleges, that sometime prior

27   to December 2008, the creditor of the Supler Obligation either directly or through intermediate

1   transactions assigned, placed, transferred, or sold the debt to ARS for collection.

2   **VII.  FACTS REGARDING NAPPI**

3   38.   NAPPI is informed and believes, and on that basis alleges, that sometime prior to

4   May 2009 he allegedly incurred a financial obligation arising out of a transaction in which the

5   money, property, insurance, or services which are the subject of the transaction are primarily for

6   personal, family, or household purposes and defaulted on that obligation ("Nappi Obligation").

7   39.   NAPPI is informed and believes, and on that basis alleges, that sometime prior to

8   May 2009, the creditor of the Nappi Obligation either directly or through intermediate

9   transactions assigned, placed, transferred, or sold the debt to ARS for collection.

10   40.   To date, NAPPI has not received any written communications from ARS.

11   **VIII.  FACTS COMMON TO ALL PLAINTIFFS**

12   41.   ARS collects, and attempts to collect, debts incurred, or alleged to have been

13   incurred, for personal, family, or household purposes on behalf of creditors using interstate

14   commerce or the mails.

15   42.   Within the one year immediately preceding the commencement of this action,

16   ARS contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged

17   debts.

18   43.   Within the one year immediately preceding the commencement of this action, each

19   of the Plaintiffs received from ARS at least one telephonic voice message ("Messages").

20   44.   Each of the Messages was left, or caused to be left, by persons employed by ARS

21   in connection with ARS's attempt to collect a debt.

22   45.   Each of the Messages uniformly failed to:

23   (a)   Provide meaningful disclosure of ARS's identity as the caller;

24   (b)   Disclose that the communication was from a debt collector; and

25   (c)   Disclose the purpose or nature of the communication (i.e., an attempt

26   to collect a debt).

27   46.   An example of four such Messages are transcribed as follows:

-8-

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

This is Robin calling for Michael Koby, if you could return my call at 800-440-6613; my direct extension is 3171. Please refer to your Reference Number as 15983225. [Received October 14, 2008].

***

3

4

5

Hey John, uh, it's Mike Mazzouli with ARS National. Umm, there appears to be some documents here in my office, uh, John at this point your involved. Call me as soon as you can. My direct number and direct extension is 800-440-6613; I'm at extension 3697. Thank you. [Received on or about December 23, 2008].

6

7

8

***

This is Brian Cooper. This call is for Mike Simmons, I need you to return this call as soon as you get this message 877-333-3880, extension 2571. [Received on April 9, 2009].

9

10

11

***

This message is for Donald Nappi. Donald, this is James Kennedy please return my call today, May 12th. My number is 800-900-1148 extension 5315. James Kennedy calling for Donald Nappi please return this call today, 800-900-1148 extension 5315. [Received on May 12, 2009].

12

13

47.     The Messages left for KOBY were at his home in Katy, Texas using his home telephone number which begins with a **281** area code.

14

15

48.     The Messages left for SIMMONS were at his parents' home using their home telephone number which begins with **425** area code.

16

17

49.     The Messages left for SUPLER were at his home using his home telephone number which begins with a **919** area code.

18

19

50.     The Messages left for NAPPI were on his cell phone in Florida using his cellular telephone number which begins with a **954** area code

20

21

22

51.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons.

23

24

25

26

52.     Each of the Messages is false, deceptive, and misleading insofar as ARS failed to provide meaningful disclosure of its identity, disclose the purpose of its call, or disclose that ARS is a debt collector, thereby frustrating the Plaintiffs' ability to make an informed decision as to whether they wished to speak with a debt collector.

27

53.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants,

-9-

FIRST AMENDED CLASS ACTION COMPLAINT

JOHN AND JANE DOES 1 through 25 inclusive, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of ARS that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by ARS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## IX.  POLICIES AND PRACTICES COMPLAINED OF

54.    It has been Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that uniformly fail to:

    (a)    Provide meaningful disclosure of ARS's identity as the caller;

    (b)    Disclose that the communication is from a debt collector; and

    (c)    Disclose the purpose or nature of the communication.

## X.  CLASS ALLEGATIONS

55.    This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.    Subject to discovery and further investigation which may cause Plaintiffs to modify the following class definition to be more inclusive or less inclusive, Plaintiffs define the "**Class**" as: Subject to the exclusions in ¶57, the Class consists of all persons to whom ARS placed a telephone call during the Class Period in an attempt to collect a debt using a telephone number containing a 281, 425, 919, or 954 area code and left a voice message which failed to state either (*i*) ARS National Services, Inc. was the caller, (*ii*) the communication was from a debt collector, (*iii*) the purpose or nature of the communication, or (*iv*) the call was placed in an attempt to collect a debt and any information obtained would be used for that purpose. The "Class Period" is the continuous period beginning on **April 15, 2008** (the date which begins the one year preceding the commencement of this action) and continuing through and including **May 20, 2009** (the date ARS first appeared in this action).

57.     Excluded from the Class are persons who, prior to the date this action is certified to proceed as a class action, either:

    (a)   died,

    (b)   obtained a discharge in bankruptcy,

    (c)   commenced an action in any court against Defendant alleging a violation of the Fair Debt Collection Practices Act,

    (d)   signed a general release of claims against Defendant, or

    (e)   is a Judge assigned to this case or a member of such Judge's staff or immediate family.

58.     The identities of the members of the Class are readily ascertainable from the records of ARS and those companies and governmental entities on whose behalf ARS attempts to collects debts.

59.     Subject to discovery and further investigation which may cause Plaintiffs to modify the following class definition to be more inclusive or less inclusive, Plaintiffs define the **281-Subclass** as those members of the Class to whom ARS placed a telephone call using a telephone number containing a 281 area code.

60.     Subject to discovery and further investigation which may cause Plaintiffs to modify the following class definition to be more inclusive or less inclusive, Plaintiffs define the **954-Subclass** as those members of the Class to whom ARS placed a telephone call using a telephone number containing a 954 area code.

61.     Subject to discovery and further investigation which may cause Plaintiff to modify the following definition of the "Class Claims" to be more inclusive or less inclusive, Plaintiff defines the Class Claims as claims arising under the FDCPA, RFDCPA, TDCPA, and FCCPA based on ARS leaving a voice message for a person in an attempt to collect a debt which message failed to state either (*i*) ARS National Services, Inc. was the caller, (*ii*) the communication was from a debt collector, (*iii*) the purpose or nature of the communication, or (*iv*) the call was placed in an attempt to collect a debt and any information obtained would be used for that purpose.

62.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and Class Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

63.     There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

64.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

65.     The Plaintiffs will fairly and adequately protect the interests of the Class and Sub-Classes defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

66.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical and contain at least 40 members.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Class have claims arising out

of Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

67.     Certification of a class or sub-class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that, if a determination is made that Defendants' telephonic voice messages for Texas consumers violate the TDCPA, KOBY and the 281-Subclass would be permitted to obtain injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1).

68.     Certification of a class or sub-class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that, if a determination is made that Defendants' standardized telephonic voice messages for Florida consumers violate the FCCPA, NAPPI and the 954-Subclass would be permitted to obtain injunctive relief pursuant to Fla. Stat. § 559.77(2).

69.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure

FIRST AMENDED CLASS ACTION COMPLAINT

1   is also appropriate in that:

2            (a)   The questions of law and fact common to members of the Class and Sub-

3                  Classes predominate over any questions affecting an individual member; and

4            (b)   A class action is superior to other available methods for the fair and efficient

5                  adjudication of the controversy.

6       70.   Depending on the outcome of further investigation and discovery, Plaintiffs may,

7   at the time of their class certification motion: (i) seek to modify the definition of the Class and

8   Sub-Classes (defined *supra*) to be more inclusive or less inclusive; seek to modify the definitions

9   of the Class and Sub-Class claims (defined *supra*) to be more/less inclusive; and/or (iii) seek

10  certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

11                          **XI.  FIRST CAUSE OF ACTION**

12         **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

13                          **(AGAINST ALL DEFENDANTS)**

14      71.   Plaintiffs reallege and incorporate by reference the allegations in the preceding

15  paragraphs of this Amended Complaint.

16      72.   The alleged Koby Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

17      73.   KOBY is, at all times relevant to this complaint, a "consumer" as that term is

18  defined by 15 U.S.C. § 1692a(3).

19      74.   The alleged Simmons Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20      75.   SIMMONS is, at all times relevant to this complaint, a "consumer" as that term is

21  defined by 15 U.S.C. § 1692a(3).

22      76.   The alleged Supler Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23      77.   SUPLER is, at all times relevant to this complaint, a "consumer" as that term is

24  defined by 15 U.S.C. § 1692a(3).

25      78.   The alleged Nappi Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26      79.   NAPPI is, at all times relevant to this complaint, a "consumer" as that term is

27  defined by 15 U.S.C. § 1692a(3).

80.     ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

81.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

82.     By placing each telephone call and leaving the Messages, Defendants violated the FDCPA. Such violations include, but are not limited to, the following:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)     Placing telephone calls without providing meaningful disclosure of ARS's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt, in violation of 15 U.S.C. § 1692d(6);

(d)     Leaving telephonic voice messages for consumers, which use false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(e)     Leaving telephonic voice messages for consumers, which use false, deceptive, or misleading representations or means to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(f)     Failing to disclose in its initial communication with the consumer, when that communication is oral, that ARS is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(g)     Failing to disclose in all oral communications that ARS is a debt collector in violation of 15 U.S.C. §1692e(11).

//

//

//

-15-

FIRST AMENDED CLASS ACTION COMPLAINT

1

## XII.  SECOND CAUSE OF ACTION

2

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

3

## (AGAINST ALL DEFENDANTS)

4          83.     Plaintiffs reallege and incorporate by reference the allegations in the preceding

5     paragraphs of this Amended Complaint.

6          84.     ARS is, at all times relevant to this complaint, engaged in the act and/or practice of

7     "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

8          85.     ARS is, at all times relevant to this complaint, a "debt collector" as defined by Cal.

9     Civ. Code §1788.2(c).

10         86.     Each of the Messages was left in connection with the collection of a "debt" as

11    defined by Cal. Civ. Code § 1788.2(d).

12         87.     Each of the Messages was left by, or caused to be left by, persons employed by

13    ARS as a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

14         88.     The alleged Koby Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

15         89.     KOBY is, at all times relevant to this complaint, a "person" as that term is defined

16    by Cal. Civ. Code §1788.2(g).

17         90.     KOBY is, at all times relevant to this complaint, a "debtor" as that term is defined

18    by Cal. Civ. Code §1788.2(h).

19         91.     The alleged Simmons Obligation is a "debt" as defined by Cal. Civ. Code

20    §1788.2(d).

21         92.     SIMMONS is, at all times relevant to this complaint, a "person" as that term is

22    defined by Cal. Civ. Code §1788.2(g).

23         93.     SIMMONS is, at all times relevant to this complaint, a "debtor" as that term is

24    defined by Cal. Civ. Code §1788.2(h).

25         94.     The alleged Supler Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

26         95.     SUPLER is, at all times relevant to this complaint, a "person" as that term is

27    defined by Cal. Civ. Code §1788.2(g).

96.     SUPLER is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

97.     The alleged Nappi Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

98.     NAPPI is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code §1788.2(g).

99.     NAPPI is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

100.    Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

101.    By placing each telephone call and leaving the Messages, Defendants violated the RFDCPA. Such violations include, but are not limited to, the following:

> (a)     Placing telephone calls without providing meaningful disclosure of ARS's identity as the caller in violation of Cal. Civ. Code § 1788.11(b); and

> (b)     Leaving telephonic voice messages for Plaintiffs in an attempt to collect a debt, whereby the Defendants violated 15 U.S.C. § 1692, *et seq.*, as set forth above in Plaintiffs' First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

### XIII.  THIRD CAUSE OF ACTION

### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

### (AGAINST ALL DEFENDANTS)

102.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Amended Complaint.

103.    ARS is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

104.    ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

105.    ARS is, at all times relevant to this complaint, a "debt collector" as that term is defined by Tex. Fin. Code § 392.001(6).

106.    ARS is, at all times relevant to this complaint, a "third-party debt collector" as that

FIRST AMENDED CLASS ACTION COMPLAINT

1    term is defined by Tex. Fin. Code § 392.001(7).

2          107.    ARS is, at all times relevant to this complaint, engaged in the act and/or practice of

3    "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

4          108.    The alleged Koby Obligation is a "consumer debt" as defined by Tex. Fin. Code

5    § 392.001(2).

6          109.    Each of the Messages was left in connection with the collection of a "consumer

7    debt" as defined by Tex. Fin. Code § 392.001(2).

8          110.    KOBY is, at all times relevant to this complaint, a "consumer" as that term is

9    defined by Tex. Fin. Code § 392.001(1).

10         111.    Each of the Messages was left by, or caused to be left by, persons employed by

11   ARS as a "debt collector" as that term is defined by Tex. Fin. Code § 392.001(6).

12         112.    Each of the Messages was left by, or caused to be left by, persons employed by

13   ARS as a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

14         113.    By placing each telephone call and leaving the Messages, Defendants violated the

15   TDCPA. Such violations include, but are not limited to, the following:

16               (a)    Failing to disclose in its initial communication with the consumer, when the

17                   communication is oral, that ARS is attempting to collect a debt and that any

18                   information obtained will be used for that purpose, which constitutes a

19                   violation of Tex. Fin. Code § 392.304(5)(A);

20               (b)    Failing to disclose in subsequent oral communications that ARS is a debt

21                   collector in violation of Tex. Fin. Code § 392.304(5)(B);

22               (c)    Leaving telephonic voice messages in an attempt to collect a debt, wherein

23                   Defendants violated 15 U.S.C. §§ 1692e, 1692d, and subsections thereof, as

24                   set forth above in Plaintiff's First Cause of Action, which is, therefore, also a

25                   violation of Tex. Fin. Code § 392.304(19).

26   //

27   //

# XIV.  FOURTH CAUSE OF ACTION

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

## (AGAINST ALL DEFENDANTS)

114.   Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Amended Complaint.

115.   ARS is, at all times relevant to this complaint, engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by 15 Fla. Stat. § 559.55(7).

116.   ARS is a "debt collector" as defined by Fla. Stat. § 559.55(6).

117.   The alleged Nappi Obligation is a "debt" as defined by Tex. Fin. Code § 392.001(2).

118.   Each of the Messages was left in connection with the collection of a "debt" as defined by Fla. Stat. § 559.55(1).

119.   NAPPI is, at all times relevant to this complaint, a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

120.   NAPPI is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

121.   Each of the Messages was left by, or caused to be left by, persons employed by ARS as a "debt collector" as defined by Fla. Stat. § 559.55(6).

122.   Each of the Messages is a "communication" as defined by Fla. Stat. § 559.55(5).

123.   By placing each telephone call and leaving the Messages, Defendants violated the FCCPA. Such violations include, but are not limited to, the following:

(a)   Willfully making false, deceptive, and misleading statements, which conduct can reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat. § 559.72(7); and

(b)   Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat.

1    § 559.72(7).

2    **XV.  PRAYER FOR RELIEF**

3    124.    WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their

4    favor and in favor of the Class and Sub-Classes as follows:

5    A.    **For the FIRST CAUSE OF ACTION:**

6    (i)    An order certifying that the First Cause of Action may be maintained as a class

7    pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs

8    and the undersigned counsel to represent the Plaintiff Class as previously set forth and

9    defined above;

10    (ii)    An award of statutory damages for the Plaintiffs and the Class pursuant to 15 U.S.C.

11    § 1692k(a)(B);

12    (iii)    Declaratory relief adjudicating that the Defendants' telephone messages violate the

13    FDCPA;

14    (iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3);

15    and

16    (v)    For such other and further relief as may be just and proper.

17    B.    **For the SECOND CAUSE OF ACTION:**

18    (i)    An order certifying that the Second Cause of Action may be maintained as a class

19    pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs

20    and the undersigned counsel to represent the Class as previously set forth and

21    defined above.

22    (ii)    An award of the maximum statutory damages for Plaintiffs and the Class pursuant to

23    Cal. Civ. Code §1788.30(b);

24    (iii)    Declaratory relief adjudicating that ARS's telephone messages violate the RFDCPA;

25    (iv)    Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code

26    §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit and

27    common fund doctrine in an amount to be determined at trial; and

FIRST AMENDED CLASS ACTION COMPLAINT

1      (v)   For such other and further relief as may be just and proper.

2   C.     **For the THIRD CAUSE OF ACTION:**

3      (i)   An order certifying that the Third Cause of Action may be maintained as a class

4            pursuant to Rule 23 of the Federal Rules of Civil Procedure and Tex. Fin. Code

5            § 392.403(a), and appointing KOBY and the undersigned counsel to represent the

6            281-Subclass as set forth and defined above;

7      (ii)  An award of statutory damages for KOBY and the 281-Subclass, pursuant to Tex. Fin.

8            Code § 392.403(e), in an amount to be determined at trial, for each of Defendants'

9            violations of Tex. Fin. Code § 392.101;

10     (iii) For injunctive relief for KOBY and the 281-Subclass, pursuant to Tex. Fin. Code

11           § 392.403(a)(1), including enjoining Defendants from engaging in further violations

12           of Chapter 392 of the Texas Finance Code as complained of herein;

13     (iv)  For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that

14           Defendants' collection conduct complained of herein violates the TDCPA;

15     (v)   An incentive award for KOBY, in connection with her services on behalf of the 281-

16           Subclass, in an amount to be determined by the Court after judgment is entered in their

17           favor;

18     (vi)  Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code

19           § 392.403(b); and

20     (vii) For such other and further relief as may be just and proper.

21  D.     **For the FOURTH CAUSE OF ACTION:**

22     (i)   An order certifying that the Fourth Cause of Action may be maintained as a class

23           pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing NAPPI

24           and the undersigned counsel to represent the 954-Subclass previously set forth and

25           defined above;

26     (ii)  An award of the maximum statutory damages for NAPPI and the 954-Subclass

27           pursuant to Fla. Stat. § 559.77(2);

-21-

FIRST AMENDED CLASS ACTION COMPLAINT

1      (iii)  For an award of equitable relief for NAPPI and the 954-Subclass pursuant to Fla. Stat.

2          § 559.77(2), which enjoins the Defendants from committing further violations of Fla.

3          Stat. § 559.72(7) by leaving the violative telephone messages complained of herein;

4      (iv)  For a finding that the Defendants' violations of Fla. Stat. § 559.72(7) were wanton,

5          malicious or gross, and outrageous to such an extent that the measured compensation

6          to the NAPPI and the 954-Subclass should have an additional amount added to it by

7          way of punitive damages pursuant to Fla. Stat. § 559.77(2) in an amount to be

8          determined at trial;

9      (v)  Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

10    (vi)  For such other and further relief as may be just and proper.

## VI.  JURY DEMAND

Plaintiffs hereby respectfully demand that this case be tried before a Jury.

Respectfully submitted.

**SCHROTH SCHROTH & MADIGAN**
--and--
**STERN•THOMASSON LLP**
Attorneys for Plaintiffs, Michael P. Koby, Michael Simmons, Jonathan W. Supler, and Donald Nappi

DATED: September 6, 2017    By:  *s/ Philip D. Stern*
                        PHILIP D. STERN

## CERTIFICATE OF SERVICE

I, Philip D. Stern, hereby affirm under the penalties of perjury that on September 6, 2017, I served the within documents and all supporting papers on the Clerk of this Court using this Court's CM/ECF system. I also certify that the forgoing documents are being served this day on all counsel of record and Parties to this action in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who have not yet appeared or are otherwise not authorized to receive electronic Notices of Electronic Filing.

*s/ Philip D. Stern*
Philip D. Stern

FIRST AMENDED CLASS ACTION COMPLAINT

3:09-cv-00780-KSC