FILED

MAR 2 0 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KOBY, an individual, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., a California corporation; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:09-cv-00780-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Doc. No. 133] |

Presently before the Court is intervenor[1] Bernadette Helmuth's Motion for Dismissal without prejudice pursuant to Federal Rules of Civil Procedure Rule 41.[2] For the reasons discussed in greater detail below, Helmuth's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE.**

**FACTUAL BACKGROUND**

On April 15, 2009, plaintiffs filed this case as a putative class action alleging that defendant, ARS National Services ("ARS"), violated the Fair Debt Collection Practices Act ("FDCPA") when it attempted to collect plaintiffs' alleged debts in a manner that did not comport with the FDCPA. [Doc. No. 1]. The Complaint alleges that defendant left voice messages that neither disclosed the purpose of the call nor stated that the call was from a debt collector. [*Id.* at p. 3].

Following the resolution of defendant's Motion for Judgment on the Pleadings [Doc. No. 19], the parties entered into settlement negotiations. On February 17, 2012, the parties held a full-day Settlement Conference with Magistrate Judge Adler. [Doc. No. 62]. While the case did not settle, several months of negotiation followed, culminating in a January 30, 2013 full-day Mandatory Settlement Conference with the undersigned Magistrate Judge. [Doc. No. 80]. Following serious, informed, arms-length negotiations, the parties reached a settlement, the contents of which were placed on the record before Magistrate Judge Crawford that same day. [*Id.*].

In June of 2013, intervenor Helmuth objected to the proposed settlement. [Doc. No. 86]. This Court held a fairness hearing on August 28, 2013, and issued a final approval of

---

[1] Bernadette Helmuth was never a named plaintiff in this action, but rather a class member who exercised her rights to intervene and object to a class settlement. Because Helmuth is no longer a class member after named plaintiffs filed their First Amended Complaint, the Court refers to her as "intervenor" throughout for the sake of clarity.

[2] The parties noticed their consent and approval for reference of this case to Magistrate Judge Karen S. Crawford in September, 2012. [Doc. Nos. 70-72]. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the case was referred to the undersigned Magistrate on September 28, 2012 to conduct all proceedings and order entry of a final judgment. [Doc. No. 74].

the settlement in October, 2013. [Doc. No. 97]. Intervenor Helmuth appealed the final Order of Approval in November, 2013. [Doc. No. 98]. Three years later on April 20, 2017, the Ninth Circuit vacated the settlement. [Doc No. 123]. Following the Ninth Circuit's ruling, plaintiffs sought leave to amend the Complaint, which they filed on September 6, 2017. [Doc. No. 125].

Intervenor Helmuth is a plaintiff and potential class representative in a separate – and similar – putative class action filed in the United States District Court for the Southern District of Florida against defendant. *Helmuth v. ARS National Services*, 11cv81044-KAM (S.D. Fla. 2011). After the parties reached a settlement agreement before this Court in 2013, the Florida District Court stayed the case pending final determination by this Court on the proposed settlement. [Doc. No. 117]. The Florida District Court has not lifted the stay.

After plaintiffs filed the FAC in November, 2017, Helmuth requested that plaintiffs and defendant stipulate to her dismissal from this action. [Doc. No. 133]. Plaintiffs agreed, but defendant refused. [Doc. No. 133], precipitating the instant dispute.

## PROCEDURAL BACKGROUND

On December 4, 2017, intervenor filed her Motion to Dismiss for Lack of Jurisdiction. [Doc. No. 133]. On December 26, 2017, defendant filed its opposition to plaintiff's Motion to Dismiss. [Doc. No. 136].

## DISCUSSION

I. **Legal Standard**

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" after an opposing party has served an answer or motion for summary judgment. FED.R.CIV.P. 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the district court. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). The discretion afforded under Rule 41(a)(2) extends to whether the dismissal is with or without prejudice. *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 673 (9th Cir. 2010) (citing *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir.

2002)). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

In deciding a motion under Rule 41(a)(2), the Court must decide: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and, (3) what terms and conditions, if any, should be imposed. *See* FED.R.CIV.P. 41(a)(2); *Sherman v. YahooA Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015).

## II. Whether the Court Should Allow Dismissal

The Court first considers whether intervenor Helmuth should be dismissed. A court should grant a Rule 41(a)(2) motion unless the defendant can show "it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The Ninth Circuit interprets legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. The loss of a federal forum or a lost opportunity to resolve a particular dispute does not establish legal prejudice. *Westlands*, 100 F.3d at 97. Further, the expense incurred defending a lawsuit is also not sufficient because "[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id.*

Defendant's Opposition does not explicitly oppose intervenor Helmuth's request for dismissal. Rather, defendant contends it will be prejudiced if intervenor is dismissed without prejudice. The Court construes defendant's silence as opposition to dismissal without prejudice rather than opposing dismissal itself. Therefore, the Court turns to whether dismissal should be with or without prejudice, and what limitations, if any, should be imposed.

///

### III. Whether Dismissal Should be With or Without Prejudice

Unless specified, a dismissal under Rule 41(a)(2) is without prejudice. FED.R.CIV.P. 41(a)(2). "The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the [plaintiff] from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (U.S. 2001).

Courts consider the following factors in the analysis: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012). A dismissal with prejudice may be warranted "where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action" and the decision is within the Court's discretion. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). The Court will address each factor in turn.

#### 1. Defendant ARS's Effort and Expense Preparing for Trial

Here, intervenor asks the Court to dismiss her without prejudice because she lacks standing under the First Amended Complaint. [Doc. No. 133-1]. She makes this request because the FAC redefined the Class Period to begin on April 15, 2008, and end May 20, 2009. [Doc. No. 133-1]. Consequently, the FAC excludes intervenor because the alleged wrongful damage and conduct she alleges did not occur within the time frame pleaded in the FAC. [Doc. No. 133-1]. Regardless of whether intervenor is dismissed, the named plaintiffs and their putative class will continue litigating this case. While defendant ARS has invested effort and expense in this litigation, those efforts will not be negatively impacted by the dismissal of Helmuth. See *Fraley*, 2012 WL 893152, at *4. Beyond her decision to oppose the settlement agreement, she has played no role in this case other than "intervenor." Therefore, this factor weighs in favor of intervenor's dismissal without prejudice.

///

///

### 2. Delay and Diligence of Intervenor in Prosecuting this Action

Courts consider a plaintiff's diligence in bringing a request for dismissal and the stage of litigation at which it is sought. *Id.* The more timely the request, the more likely dismissal should be granted without prejudice. *See Sherman,* 2015 WL 473270 at *5 (concluding that dismissal without prejudice was appropriate when a summary judgment motion had been filed but the case was not close to trial, and a motion for class certification had not been filed). Though this case was filed nearly ten years ago, it remains in the early stages of litigation. Specifically, no class has been certified, and ARS only recently filed a Motion to Compel Arbitration and Dismiss [Doc. No. 130] resulting in a limited period of discovery to resolve fully the question of compelled arbitration. [Doc. No. 140]. The early stage of litigation in this case favors dismissal without prejudice. *Id.*

When evaluating delay and diligence, courts also consider the timeliness of a party's request for voluntary dismissal. *Id.* Here, after the FAC was filed on September 6, 2017, intervenor reached out to plaintiffs' and defendant's counsel and requested a stipulation to her dismissal on November 6, 2017. [Doc. No. 133-1 at p. 2]. Plaintiffs agreed to so stipulate, but defendant was nonresponsive. [Doc. No. 133-1 at p. 2]. Intervenor continued to follow up, and defendant eventually responded, refusing to stipulate on December 1, 2017. [Doc. No. 133-1 at p. 3]. The instant Motion was filed three days later on December 4, 2017. [Doc. No. 133-1 at p. 3]. Based on these facts, the Court finds that Helmuth was diligent in pursuing her request for dismissal following the amendment of the Complaint, which favors dismissal without prejudice.

### 3. Whether Helmuth Presents Strong Arguments For Dismissal

Next is the adequacy of intervenor's explanation for her need to be dismissed. *In re Conagra Foods, Inc.*, 2014 WL 12579572, at *4. Helmuth contends she should be dismissed because she lacks standing under the FAC. [Doc. No. 133]. She argues that because the FAC redefined the class period to begin on April 15, 2008, and end May 20, 2009, she no longer qualifies as a class member. [Doc. No. 133]. Any damages Helmuth suffered from alleged conduct by ARS occurred outside the new class period articulated in

the FAC. [*Id.*]. That argument alone is persuasive. While alternative arguments could be advanced to support her need for dismissal, none are necessary here.

Finally, defendant argues it will be subject to additional litigation if intervenor is dismissed without prejudice. [Doc. No. 137 at pp. 4-6]. It is unclear if defendant anticipates that intervernor will pursue existing litigation (i.e., the case in which she is a plaintiff in the Southern District of Florida) or whether ARS anticipates her filing a new lawsuit. The stay in the Florida action was predicated on the outcome of the settlement in this case, not on whether intervenor remained a class member in this action. Regardless, "legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976.

Thus, on balance, the above factors weigh in favor of dismissal without prejudice.

### IV. Terms and Conditions of Dismissal

Finally, the Court considers what terms, if any, should accompany dismissal. Courts can condition a dismissal under Rule 41(a)(2) on, *inter alia*, the payment of a party's fees and costs. *Westlands*, 100 F.3d at 97. A court should only award fees and costs to a defendant for work that cannot be used in an ongoing or future litigation. *See id.* "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Fraley*, 2012 WL 893152 at *4 (citation and internal quotation marks omitted). Parties can also propose alternative terms and conditions other than fees and costs, and courts have the discretion to consider those proposals. See *Sherman*, 2015 WL 473270 at *5. These factors are identical to the analysis conducted in Section III, *supra*. The above analysis, applied here, favors dismissal *without* awarding fees and costs under Rule 41. Defendant does not propose additional terms and conditions be imposed on Helmuth and the Court finds none are appropriate. However,

7

defendant raises other grounds on which it is entitled to fees and costs which the Court addresses, *infra*.

### A. Fees and Costs Under the FDCPA and Rule 54

First, defendant contends that intervenor's bad faith entitles it to fees and costs under the FDCPA. Under the FDCPA, if a court finds that "an action under this section was brought in bad faith and for the purpose of harassment the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C.A. § 1692k(a)(3).

Defendant notes that because of the limited discovery in this case, it can only look to intervenor's conduct, which it believes shows she intervened in bad faith. [Doc. No. 137 at p. 6]. Next, defendant argues that intervenor's objection to the settlement was based solely on her desire to pursue her previously filed class action in Florida. [Doc. No. 137 at p. 5].[3] The Court is unpersuaded.

A plain reading of the FDCPA indicates that it empowers courts to award fees and costs to a defendant upon a determination that an action was "*brought* in bad faith or for the purpose of harassment . . . ." 15 U.S.C.A. § 1692k (a)(3) (emphasis added). On its face, it does not appear that the above language applies to an individual that did not *bring* an action under the FDCPA; the named plaintiffs did. Helmuth intervened in a suit she did not initiate to oppose a settlement agreement she did not negotiate. Therefore, the Court finds defendant's arguments unavailing because a plain reading of the FDCPA indicates that intervenor's conduct is not within the scope of the fee statutory provision.

---

[3] ARS also asserts that intervenor acted in bad faith because she knew she could have pursued her individual claims under the FDCPA in the Florida action, but instead chose to intervene and object to this Court's Order approving the settlement. [Doc. No. 137 at p. 5]. This was done in bad faith, allegedly, because ARS states that when Helmuth contracted with Dell Financial Services, she wrote off her ability to act as a class representative or to participate in a class action. [Doc. No. 137 at p. 5]. However, defendant raised the Dell Financial Services argument in its Motion to Reconsider, which the Ninth Circuit denied in a two sentence Order. [Doc. No. 113]. The argument is similarly unavailing here, as is ARS's assertion that the decision to intervene in this action is, itself, evidence of bad faith.

Even if intervenor's actions were within the scope of the FDCPA, the Court is not persuaded that Helmuth acted in bad faith. She objected to the settlement agreement because she believed the relief afforded was unfair and unreasonable. [Doc. No. 117 at pp. 9-10]. The Ninth Circuit agreed. Moreover, her request for dismissal results from recent decisions made by named plaintiffs and their counsel in the FAC that exclude her potential claims against ARS – decisions in which she had no input. Nothing about Helmuth's conduct supports a finding of bad faith or intent to harass, and the Court accordingly denies defendant's request for fees and costs.

ARS also requests the Court grant limited discovery on the issue if not persuaded that intervenor acted in bad faith. [Doc. No. 137 at p. 6]. This request is also denied. The Court is not convinced discovery on this issue is appropriate or warranted on the record before it. Therefore, defendant is not entitled to fees and costs under the FDCPA.

### B. Defendant's Request for Costs Under Rule 54

Next, pursuant to Rule 54, defendant contends it is entitled to recover its costs even if the Court finds Helmuth did not act in bad faith because ARS contends it should be deemed a prevailing party when intervenor is dismissed with prejudice. [Doc. No. 137 at pp. 6-7].

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED.R.CIV.P. 54(d)(1). District courts have discretion to award costs, and Rule 54 creates a presumption that prevailing parties are entitled to costs. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). In *Marx*, the United States Supreme Court concluded that "[section] 1692k(a)(3) does not 'provid[e] otherwise,' and that a district court may award costs to prevailing defendants in FDCPA cases even if the plaintiff did not file suit in bad faith. *Id.* at 374.

The Supreme Court has held that a litigant is a prevailing party if it has "received a judgment on the merits, or obtained a court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). The

Court further held that the appropriate test is whether such relief establishes the requisite "material alteration of the legal relationship of the parties . . . ." *Id.* at 604. Dismissal with prejudice functions as a judgment on the merits and satisfies the "material alteration" test. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *see also Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir.1997), *abrogated on other grounds by Ass'n of Mexican-American Educators v. California*, 231 F.3d 572 (9th Cir. 2000); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000). Dismissal *without* prejudice, the Ninth Circuit has found, does not generally satisfy the material alteration test. *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). A voluntary dismissal without prejudice does not confer prevailing party status upon a defendant because the defendant "remains subject to the risk of re-filing." *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 15-CV-00344-RMW, 2016 WL 3136925, at *2 (N.D. Cal. June 6, 2016) (quoting *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009)).

Since the Court dismisses intervenor *without* prejudice, there is neither a judgment on the merits nor a material alteration in the legal relations between the parties. Consequently, defendant is not a prevailing party, and its request for costs is denied.

### C. Fees and Costs Under 28 U.S.C. § 1927

Finally, defendant contends it is entitled to costs pursuant to 28 U.S.C. Section 1927. The statute provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 sanctions must be supported by a determination of bad faith or recklessness. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan*, 78 F.3d at 436

(citation omitted). For the reasons discussed in Section A, *supra*, the Court is not persuaded that intervenor acted in bad faith or with an intent to harass ARS. Intervenor Helmuth objected to the fairness of the settlement terms and was vindicated by the Ninth Circuit. Therefore, the Court declines to award fees and costs to defendant under 28 U.S.C. Section 1927.

## CONCLUSION

IT IS HEREBY ORDERED that Bernadette Helmuth's Motion is **GRANTED** and she is **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that defendant, ARS's, requests for fees and costs are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 20, 2018

Hon. Karen S. Crawford
United States Magistrate Judge